## McCONNELL *vs.* THE STATE OF GEORGIA.

1. Where a defendant in a criminal case before a county court waived his right to indictment, but demanded a jury to try him on accusa- tion, after his waiver had been made matter of record, a jury drawn, and at the trial term a motion to continue made and overruled, he could not withdraw his waiver of indictment.

2. Exceptions taken in a petition for *certiorari* to alleged rulings of a county court which are not verified in the answer, cannot be con- sidered in this court on exception to a refusal to sustain the *certio- rari*.

3. Where a request to charge was made orally, and the substance of the request was given, a new trial will not be granted because the exact language of the request was not used.

4. The distinction between positive and negative testimony may be illustrated thus :   It is positive to say that a thing did or did not happen ; it is negative to say that a witness did not see or know of an event's having transpired.

5. If the answer of a county judge to a *certiorari* is not sufficiently full, the point should be made in the court below, and a ruling in that court invoked upon it ; otherwise it will not be considered here.

*Certiorari.*   Criminal Law.   Waiver.   Charge of Court. Evidence.    Before Judge HILLYER.    Clayton Superior Court.   March Term, 1881.

Reported in the decision.

SPENCE & MUNDY, for plaintiff in error.

B. H. HILL, Jr., solicitor general, by brief, for the state.

CRAWFORD, Justice.

Joseph A. McConnell was accused before the county court of Clayton with the offence of carrying concealed weapons. He was found guilty by the jury, petitioned for *certiorari*, which was sanctioned, the case carried to the superior court, there heard and dismissed, and this is the error complained of before this court.

There are many allegations of error set out in the *certiorari*, but the answer of the county judge to the writ does not warrant their consideration by the court, as they are not verified, and no legal exceptions were filed thereto.

1. The record shows that at the term to which the plaintiff in error and defendant below was held to appear, a jury had been drawn and summoned to try another case; and the defendant in this case was called upon to say whether he would submit his trial to the jurisdiction of the county court, and if so, to the jury drawn, or would he demand another. The answer of the defendant was, that he would submit to the jurisdiction of the county court, and if a jury should be demanded for his trial he would not require a new one, but be tried by the one already drawn. After the first case was disposed of, some of the panel having failed to appear, and one being excused, the defendant objected to the filling up the panel by tales jurors, whereupon the judge discharged them.

The defendant was then called upon to answer whether he demanded as a condition to his trial, an indictment or presentment by the grand jury, to which he responded in the negative. He was then asked if he demanded a trial by jury in the county court, and he answered that he did. The judge then drew a jury as required by law. At the trial term, as thus provided for, the defendant moved a continuance, which not coming up to the rule was refused, and the case ordered to proceed.

McConnell *vs.* The State.

Defendant by his counsel then moved to withdraw his waiver of indictment by the grand jury, which was refused by the court on the ground that, having waived this right, the same having been entered of record, and a jury upon his demand having been summoned and empaneled to try the case, it was too late to withdraw the waiver.

We perceive no error in the ruling thus made by the county court, nor in its affirmance by the judge of the superior court. Acts of 1878–9, p. 134; Code, §299.

2. Another objection set forth in the *certiorari* is, that a demurrer was made to the accusation upon several grounds, which was overruled, and that said ruling was error. As nothing of the sort appears in the answer, we cannot determine whether the same was erroneous or not.

3. It is claimed that the charge of the court should have contained the request asked, that the jury might believe the statement of the defendant to the exclusion of the sworn testimony for the state, and that the refusal so to charge was error. The charge upon this subject was, that it was for the jury to weigh the statement and to believe it all, or part, or disbelieve the whole of it; that it was entirely with them to say what weight they would give it. Whilst we think that it would have been well to have given the charge exactly as requested, yet as it was not in writing, and was substantially given, that the law was complied with.

4. It is alleged that the law as given in charge in reference to positive and negative testimony was error. The judge in substance instructed the jury that positive testimony must always outweigh that which is negative in its character; that the existence of a fact testified to by one witness positively was rather to be believed than that it did not exist because of many witnesses testifying that they did not see or know of its having transpired, although they had the same opportunity for observation. This definition was sufficiently clear to convey to the minds of the jurors the legal principle referred to.

v 67—41

5. The last error assigned and insisted upon was, that the judge of the superior court should have required the answer of the county court judge specifically to respond to the allegations in the petition. This would undoubtedly have been done had the attention of the court been called thereto in the usual legal mode; and not having been done, and no ruling having been made thereon, this court is powerless to aid the plaintiff in error or cure the defect.

Judgment affirmed.