## NEILL vs. THE STATE OF GEORGIA.

1. Where the evidence was conflicting, the credibility of witnesses was for the jury; and the court below having refused to grant a new trial on the ground that the verdict was contrary to law and evidence, this court will not interfere.

2. Newly-discovered evidence which is merely cumulative, and in the procurement of which there has been lack of diligence on the part of the movant, does not require a new trial.

3. Where one witness swears positively that a thing occurred, and another testifies that he had the same opportunity for observation as the first witness; that he did observe; and that the thing did not occur, both are to be treated as positive witnesses, and it would, perhaps, be error to give in charge the rule as to positive and negative testimony; but where a part of a witness's testimony was positive and a part negative, and the conflicting witness testified positively, there was no error in giving such rule in charge.

4. Where one ground of a motion for a new trial was that, since the the trial, the only witness for the State had stated that he made a mistake in his testimony, but he denied making such statement, and his character was sustained by numerous witnesses, while that of the person deposing to the statement was not sustained, there was no error in refusing a new trial on that ground.

January 9, 1888.

New Trial. Evidence. Before Judge ADAMSON. City Court of Carrollton. May Term, 1887.

Reported in the decision.

WALKER & REESE, for plaintiff in error.

C. P. GORDON, solicitor city court; W. F. BROWN, for the State.

SIMMONS, Justice.

Neill was indicted in the court below for selling liquors without a license. Upon the trial of the case the jury found him guilty, and he moved for a new trial upon the several grounds set out in the motion. The motion was overruled by the court, and he excepted. The first three

grounds of the motion are the usual ones, that the verdict was contrary to law and to the evidence. The 1st, 2d, 3d, and 4th grounds of the amended motion were on account of newly-discovered testimony. The 5th ground was, that the court erred in charging the rule of positive and negative testimony when there was no evidence which authorized such a charge. The 6th ground was that, since the trial of the case, Earnest, the only witness for the State, admitted to Cook that he was mistaken in what he swore on the trial of the case, that he ought to have sworn that he did not purchase the liquor from the defendant in his own person, but that he sent a man and got it, and was not present when it was purchased.

1. As to the ground in the original motion, we think there was sufficient evidence to sustain the finding of the jury. There were but two witnesses sworn upon the trial, Earnest, who testified in behalf of the State, and Hudson, who testified for the defendant. The jury believed Earnest, and found the defendant guilty. They had a right to believe him, and we cannot say that they were wrong in believing him. So the court committed no error in overruling the motion on these grounds.

2. We do not think that the facts set up in the amended motion as to the newly-discovered testimony are sufficient to authorize a grant of a new trial in this case. The greater portion of the newly discovered evidence is merely cumulative in its character; and there was lack of diligence on the part of the defendant in procuring it. It is true that some of the affidavits allege that the witnesses were masked and unknown to the defendant; but the evidence discloses that the defendant and these witnesses were neighbors, and that the night the whiskey was sold, they were together some two or three hours in a small room; and we apprehend that if the defendant had thought he needed their testimony before the trial, he could easily have discovered the names of the parties who were present at the time the whiskey was alleged to have been

sold. It appears from the record that he did discover them very shortly after the jury returned a verdict of guilty in this case. It appears to us that he was willing to risk his case with his own statement and the testimony of Hudson against the testimony of Earnest, the State's witness. He lost; and we are not disposed to set the verdict aside on his newly-discovered testimony, especially as the judge below was acquainted with the witnesses and their character, and satisfied with the verdict.

3. We see no error in the 5th ground of the motion. While it is true that, where one witness swears positively that a thing occurred, and another testifies that he had the same opportunity to observe that the other witness had, and that he did observe, and that it did not occur, both are to be treated as positive witnesses, and it would, perhaps, be error for the court to give in charge the rule as to positive and negative testimony, under such circumstances, that was not the case here. A part of Hudson's testimony was positive and a part negative. It was negative as to the acts of Neill all the time that Neill was in the house. He could not testify that he saw Neill the whole time he was in the house; and the court committed no error in instructing the jury as to positive and negative testimony as to that part of Hudson's evidence. The whole charge of the court not being in the record, we presume that he charged them properly as to what was positive and what negative in Hudson's testimony. We think, therefore, that the exception made on this ground is not well-taken.

4. The court committed no error in overruling the motion as set out in the 6th ground. It is true that Cook swears that Earnest told him, after the trial, that he had made a mistake in his testimony; but Earnest, in an affidavit made at the hearing of the motion for a new trial, emphatically denies that he ever made any such an admission. Earnest's character is sustained by numerous witnesses, as appears from the evidence in the record. Cook's

is unsustained by any affidavit. The court below knew the parties and refused to set aside the verdict upon this ground. We cannot say that he erred in so doing. Indeed, we think he did right in overruling the motion.

Judgment affirmed.