## SOUTHERN RAILWAY COMPANY *v.* O'BRYAN.

1. A charge to the effect that the testimony of a witness testifying positively is entitled to more weight than that of one who testifies negatively is open to serious criticism unless it embraces an instruction that the jury, in weighing the testimony of such witnesses should consider and pass upon the question of their credibility.

2. Instructions presenting issues not made by the pleadings or evidence should not be given.

3. A railway conductor is not bound to personally enter a car upon its arrival at a station to inform passengers for that station that they have reached their destination. It is sufficient if the name of the station is duly announced by any employee of the railway company whom it may select to perform this duty.

4. All material questions now presented for decision here are covered by the rulings above announced.

Submitted May 1, — Decided June 7, 1902.

Action for damages. Before Judge Reece. City court of Floyd county. December 16, 1901.

*Shumate & Maddox* and *Harris, Chamlee & Harris,* for plaintiff in error. *McHenry & Maddox* and *Fouché & Fouché,* contra.

LUMPKIN, P. J. This case was here at the October term, 1900, when a new trial was ordered because of errors committed by the presiding judge. See 112 *Ga.* 127. Subsequently the case was again tried, and resulted in a verdict against the railway company, which is again before this court complaining of a judgment denying it a second new trial. We are constrained to reverse this judgment and order yet another hearing of the case.

1. Exception is taken to the following charge: "I charge you that the existence of a fact testified to by one positive witness is to be believed rather than such fact did not exist because many witnesses who had the same opportunity of observation swore they did not see or know of its having transpired." This charge was clearly erroneous. In *Humphries* v. *State,* 100 *Ga.* 263, Mr. Justice Cobb took occasion to remark that a charge with respect to the relative weight of positive and negative testimony was open to criticism if it failed to instruct the jury that in passing upon such testimony they "should consider the question as to whether the witnesses were of equal credibility." And in *Railway Co.* v. *Bigham,* 105 *Ga.* 498, it was distinctly ruled by this court that: "The general rule as to the probative value of positive and negative testimony is subject to the qualification that other things are equal and the witnesses are of equal credibility." The error just pointed out requires a new trial, for the record discloses that the plaintiff depended almost, if not entirely, upon her own testimony as showing a right to recover, and that there was testimony in behalf of the railway company which tended very strongly to establish non-liability on its part.

2, 3. There was no evidence, nor any contention on the part of the plaintiff, that the train upon which she was a passenger failed to stop at Rome, the station at which she wished to alight. Nevertheless the court charged the jury that "if the plaintiff purchased a ticket at Lindale, or paid her fare to go to Rome, and got aboard the train, if they failed to stop the train — if the conductor failed

to come into the car or stop the car according to contract at Rome, she would be entitled to nominal damages, if that was brought about by no fault on her part." This charge was erroneous for two reasons: (1) it left to the determination of the jury as an open question whether or not the train stopped at Rome, when no such issue was involved in the case; and (2) it imposed upon the conductor the duty of entering the car at Rome, when no such duty rested upon him, either as matter of law or of fact. The plaintiff certainly knew that her destination was Rome, and all the duty the company owed to her as a passenger was to have the station called out so that she might be put on notice to alight, and the company was at liberty to select any of its employees it saw fit to perform for it this duty.

4. While complaint is made in the motion for a new trial of other charges, we do not deem it necessary to specifically deal with them. Suffice it to say that such of them as are not covered by the rulings above announced are not, when taken in connection with the entire charge, open to the objections made to them, and therefore did not operate to the prejudice of the company.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*