### Alabama Great Southern Railroad Company v. Brock.

ATKINSON, J. 1. In formulating rules for the jury's guidance in determining what weight they should give to the testimony of conflicting witnesses, after instructing them that they may look to the witnesses as they appear on the stand, their manner of testifying, their interest or want of interest in the case, their feeling, prejudice, bias, relationship to the parties and to the case, or anything of that kind that may appear from the evidence, an instruction that the jury may believe that witness "who has the best means of knowing the facts about which he testifies, and the least inducement to swear falsely," without appropriate qualification relative to credibility of the witnesses, is erroneous. *Louisville & Nashville R. Co.* v. *Rogers*, 136 *Ga.* 675 (3), (71 S. E. 1102); *Nashville &c. Ry.* v. *Paris*, 138 *Ga.* 864 (76 S. E. 357).

2. After charging the jury that positive testimony outweighs that which is negative, it was erroneous, without appropriate qualification as to the credibility of witness, to give the further charge, "When one person testifies a thing did occur and another testifies that if it did occur he did not see it, then the testimony of the one who did see it would outweigh the testimony of the other." *Southern Ry. Co.* v. *O'Bryan*, 115 *Ga.* 659 (42 S. E. 42).

3. While other portions of the charge were not entirely accurate, the criticisms upon them, and the complaint of refusal to charge, afford no ground for the grant of a new trial.

4. The record presents a close case, and shows that the conflict of evidence was sharp. The credibility of the witnesses necessarily played an im-

portant part; and the errors pointed out in the first and second head-notes require the grant of a new trial.

             *Judgment reversed. All the Justices concur.*
             JANUARY 16, 1913.

Action for damages. Before Judge Fite. Dade superior court. November 24, 1911.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*Foust & Payne,* contra.