GEORGIA RAILWAY AND ELECTRIC COMPANY *v.* WHEELER.

FISH, C. J.   1. Several of the assignments of error are controlled by the decision in *Mason* v. *Nashville &c. Ry. Co.,* 135 *Ga.* 741 (4), 744 (70 S. E. 225, 33 L. R. A. (N. S.) 280).

2. Where the evidence is conflicting as to whether a particular thing did or did not occur, and the trial judge instructs the jury that the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of it having transpired, he should also give instructions to the effect that in weighing the testimony of the witnesses the jury should pass upon their credibility. · *Warrick* v. *State,* 125 *Ga.* 133 (8), 142 (53 S. E. 1027), and cit.; *Atlantic Coast Line R. Co.* v. *O'Neill,* 127 *Ga.* 685 (2), 688 (56 S. E. 986); *Central Ry. Co.* v. *Orr,* 128 *Ga.* 76 (57 S. E. 89).

(*a*) It does not follow in all cases, however, that such a charge without the addition held to be proper will necessitate a reversal.   Thus, if the positive evidence in regard to the facts under consideration was introduced by the losing party, and the negative evidence in regard to such facts was introduced by the successful party, a charge to the effect that positive testimony should outweigh that which is negative, without qualification, would be more favorable to the losing party than he would have a right to ask; and such error in favor of the unsuccessful litigant would not furnish ground for a reversal on his motion.

(*b*) Under the evidence in this case, and the charge as given, the instruction on the subject of positive and negative testimony does not appear to have been calculated to injure the defendant so as to require a new trial on its motion.

3. The presiding judge having charged that the conductor on the electric street-car has authority to arrest disorderly persons, substantially as declared by sections 926 and 927 of the Penal Code, there was no error in further charging that if the defendant's conductor arrested the plaintiff and while the plaintiff was under arrest the conductor struck him in the face or on the head or inflicted upon him a personal injury, the defendant would be liable and the plaintiff could recover, unless the conductor was justifiable; and that the conductor would be justifiable in using such force as was reasonably necessary to prevent any attempt which the plaintiff made to inflict an injury upon the conductor.   In the light of the pleading and evidence, the giving of this charge furnishes no ground for a reversal.

4. Under the facts of the case none of the other grounds of the motion were such as to require the grant of a new trial.

> *Judgment affirmed.   All the Justices concur.*
> FEBRUARY 20, 1914.

Action for damages.   Before Judge Pendleton.   Fulton superior court.   December 3, 1912.

*Colquitt & Conyers,* for plaintiff in error.

*Moore & Branch,* contra.