### GEORGIA RAILROAD AND BANKING COMPANY *v.* RADFORD.

HILL, J. 1. On the trial of a suit brought against a railroad company, to recover damages for personal injuries alleged to have been received as a passenger while traveling as such upon a train of the railroad company, where the answer of the defendant did not admit that the plaintiff was a passenger on its road, although the plaintiff and his wife so testified, it was error to charge the jury: "On the other hand, the defendants in this case, the railroad companies, I believe, admit that he was a passenger;" and to again charge the jury: "If you find the plaintiff was a passenger on defendant's train, and that part of it is admitted." But whether or not this inadvertence on the part of the court would require a new trial under the facts of the case need not be decided, as a reversal is granted on other grounds.

2. Where the evidence is conflicting as to the existence of a particular fact, concerning which there is positive testimony on the one hand and negative testimony on the other, in instructing the jury as to the weight to be given testimony of this character according to the rule laid down in the Civil Code, § 5751, it is error not to also instruct the jury that in weighing such testimony they should take into consideration the credibility of the witnesses. *Southern Ry. Co.* v. *O'Bryan,* 115 *Ga.* 659 (42 S. E. 42); *Georgia Ry. & El. Co.* v. *Wheeler,* 141 *Ga.* 363 (80 S. E. 993); *Ware* v. *House,* 141 *Ga.* 410 (81 S. E. 118).

(*a*) In this case (in which the plaintiff prevailed) the positive testimony was delivered by the plaintiff himself and his wife; and a number of witnesses, some of whom were passengers on the same train with the plaintiff, with opportunity for knowing what occurred at the time of the alleged injury, testified that they had no knowledge of certain things testified to by plaintiff and his wife. Under these circumstances, instructions to the jury as outlined in the preceding headnote, without qualification as to the credibility of the witnesses, constituted harmful error requiring a new trial.

3. As the case goes back for another trial, no opinion is expressed on the ground of the motion for a new trial making the contention that the verdict is excessive.

> *Judgment reversed. All the Justices concur.*
> AUGUST 11, 1915.

Action for damages. Before Judge Walker. Warren superior court. June 24, 1914.

*Joseph B. & Bryan Cumming* and *E. P. Davis,* for plaintiff in error.

*Westmoreland, Hill & Smith, E. T. Shurley,* and *L. D. McGregor,* contra.