### 10286. WILLIAMS *v.* THE STATE.

1. It is positive testimony for a witness to say that a thing did or did not happen; it is negative testimony for a witness to say that if such a thing happened he did not see it or know of it.
2. There being both positive and negative testimony in the present case, it was not erroneous to give in charge to the jury the law in reference to the comparative value of the two classes of testimony.

DECIDED APRIL 12, 1919.

Indictment for carrying concealed weapon; from Wilkinson superior court—Judge Park. December 11, 1918.

*Allen & Pottle,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

BROYLES, P. J. The plaintiff in error was indicted for carrying a concealed weapon and was convicted. The only contention argued in the brief of his counsel is that the court erred in instructing the jury upon the law of positive and negative testimony. It is well settled that where there is both positive and negative testimony in a case, it is not erroneous for the court to charge the jury the law in reference to the comparative value of the two classes of testimony. *Heywood* v. *State,* 12 *Ga. App.* 643 (2) (77 S. E. 1130). Upon the trial of the instant case the State, by positive testimony, showed that the defendant was carrying a concealed pistol. Several witnesses were introduced in behalf of the defendant, one of them testifying as follows: "I saw Robt. Williams [the defendant] distinctly, . . . he did not draw a pistol at that time, and did not have one that I saw. I was in full view of him all the time. If he had one I did not see it. He did not have on a coat." Part of this witness's testimony was clearly negative. His testimony as to the defendant's not drawing a

pistol and not having on a coat was positive; but his testimony as to the defendant's not having a concealed pistol is purely negative. As was said by the Supreme Court in *McConnell* v. *State, 67 Ga.* 633: "The distinction between positive and negative testimony may be illustrated thus: It is positive to say that a thing did or did not happen; it is negative to say that a witness did not see or know of an event's having transpired." In the instant case the witness did not testify that he "had as good opportunity to see the transaction as others who were present, and that no such transaction took place, because he did not see it, when he would have seen it if it had taken place" (see *Heywood* v. *State,* supra), but his testimony as to the defendant's not having a concealed pistol was: He "did not have one that I saw. I was in full view of him all the time. If he had one I did not see it." This part of the witness's testimony comes within the ruling in the *Heywood* case, supra, that "testimony that the witness was present and did not see the transaction is merely negative." And, as was also said in that case, "there being both positive and negative testimony in the present case, it was not erroneous to give in charge to the jury the law in reference to the comparative value of the two classes of testimony." Likewise this case comes within the ruling of the Supreme Court in *Neill* v. *State, 79 Ga. 779* (4 S. E. 871), that "Where one witness swears postively that a thing occurred, and another testifies that he had the same opportunity for observation as the first witness; that he did observe; and that the thing did not occur, both are to be treated as positive witnesses, and it would, perhaps, be error to give in charge the rule as to positive and negative testimony; but where a part of a witness's testimony was positive, and a part negative, and the conflicting witness testified positively, there was no error in giving such rule in charge." See also, to the same effect, *Wood* v. *State, 1 Ga. App.* 684 (2), (58 S. E. 271); and Park's Ann. Penal Code, § 1011, and cit.

In the instant case the undisputed testimony showed that the State's witness (whose testimony as to the defendant's guilt was positive) was standing upon a steep embankment, and that all of the defendant's witnesses who testified in the case were in the road below the embankment. Thus it does not appear that the defendant's witnesses "had as good opportunity to see the trans-

action" as the State's witness, for the latter's position upon the embankment, at a different angle or viewpoint from that of the defendant's witnesses, may have enabled him to see that the defendant was carrying a concealed pistol when this could not have been seen by the defendant's witnesses from their position in the road below the embankment.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The sole witness for the State testified that he saw the defendant draw a pistol from his pocket; and also testified that the defendant had on a coat. The testimony for the defense was as follows: One witness testified that "the defendant, Robert Williams, did not draw a pistol, and did not have one at that time. He did not have on a coat." Another witness testified: "I saw Robert Williams distinctly. He did not draw a pistol at that time, and did not have one that I saw. I was in full view of him all the time. If he had one I did not see it. He did not have on a coat." Another witness testified: "Robert Williams did not draw a pistol and did not have one at that time that I could see. He did not have on a coat. He was in plain view of me, and if he had a pistol I could have seen it." All of the above testifying, as I construe it, was positive. In the case of *Heywood* v. *State,* 12 *Ga. App.* 643 (2), this court held: "Testimony that the witness was present and had as good opportunity to see the transaction as others who were present, and that no such transaction took place, because he did not see it, when he would have seen it if it had taken place, is positive testimony." In the case of *McConnell* v. *State,* 67 *Ga.* 633 (4), the Supreme Court held that "It is positive to say that a thing did or did not happen; it is negative to say that a witness did not see or know of an event's having transpired." In the case of *Neill* v. *State,* quoted from supra, in the majority opinion, it clearly appeared that part of a witness's testimony was negative. The court in its opinion in that case said: "It was negative as to the acts of Neill all the time that Neill was in the house. He could not testify that he saw Neill the *whole* time he was in the house." (Italics mine.) In the instant case the testimony of all the witnesses for the defendant was to the effect that the defendant was in full view of the witnesses during the whole period of the transaction testified to by the sole witness for the State.

There being no negative testimony in the case, it was highly prejudicial to the accused, and was virtually a direction of a verdict against him, for the trial judge to instruct the jury as follows: "The existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear they did not see or know of its having transpired, provided the witnesses are of the same credibility." The judge practically told the jury that the evidence for the State was to be believed in preference to the evidence for the defense. The defendant was denied a fair trial, and his conviction should be set aside and a new trial granted.