### 10815.  WALLER *v.* THE STATE.

BLOODWORTH, J. 1. The court did not err in charging the jury as complained of in the amendment to the motion for new trial.

2. There is ample evidence to support the verdict, and the judgment is

    *Affirmed. Broyles, C. J., and Luke, J., concur.*
        DECIDED NOVEMBER 4, 1919.

Conviction of stabbing; from city court of Macon—Judge Guerry. July 19, 1919.

The instructions complained of were as follows: "Where several witnesses who are equally credible testify on the question as to whether an alleged thing happened at a certain time and place or not, and one of them testifies positively that such thing did happen, and the other witnesses had the same opportunity of observation and testify that they did not see or know that it happened, the testimony of the one positive witness should have greater weight than the testimony of such negative witnesses. If the one positive

witness had the better opportunity of knowing what transpired than the negative witness had, then for a greater reason the testimony of such positive witness should have greater weight. In determining the probative value of the positive and negative testimony, the credibility of the witnesses should be considered. If the testimony of any one or more of the witnesses on either side of the question is corroborated by any fact or by the testimony of any other witnesses in the case, that corroboration should also be considered in determining the probative effect of positive and negative testimony. If Katy Reed [the prosecutrix] was cut on her breast on the occasion testified about, and the defendant then and there, immediately after the cutting, stated that he cut her, you should consider this statement also in determining the probative effect of the positive and negative testimony along with the defendant's statement on the stand. If the testimony of a witness otherwise appears to be negative, his statement that the thing could not have happened without his seeing it would not change his negative testimony to positive testimony." It was contended that the court erred in so charging for the reason that the charge excluded from the consideration of the jury the evidence tending to show that the witness Katy Reed was not cut by the defendant on the occasion as to which she testified; and that the court erred particularly in charging that "if the testimony of a witness otherwise appears to be negative, his statement that the thing could not have happened without his seeing it would not change his negative testimony to positive testimony;" that this was not a correct statement of the law, without explanation or qualification.

*H. F. Rawls*, for plaintiff in error. *Will Gunn, solicitor,* contra.