### 16625.　BUCKNER v. THE STATE.

BROYLES, C. J.　The defendant was convicted of the offense of car-breaking. The evidence tending to connect him with the crime was wholly circumstantial and was insufficient to exclude every reasonable hypothesis save that of his guilt. The court, therefore, erred in overruling the motion for a new trial.

*Judgment reversed.　Luke and Bloodworth, JJ., concur.*

DECIDED JULY 29, 1925.

Conviction of car-breaking; from Whitfield superior court— Judge Tarver.　June 1, 1925.

*William E. & W. Gordon Mann,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.

---

### 16631.　OVERSTREET v. THE STATE.

BLOODWORTH, J.　"Where section 5751 of the Civil Code of 1910, as to the relative weight of positive and negative testimony, is applicable, it is error for the court to give that section in charge to the jury without further instructing them, in the same connection, that in weighing such testimony they should take into consideration the credibility of the witnesses. See *Georgia Ry. & Power Co.* v. *Pounds,* 20 *Ga. App.* 201 (92 S. E. 1026), and cases cited." *McDuffie* v. *State,* 24 *Ga. App.* 653 (101 S. E. 812).　See also *Sou. Ry. Co.* v. *O'Bryan,* 115 *Ga.* 660 (1) (42 S. E. 42), and *Carter* v. *State,* ante, 230.

Under the rulings in the foregoing cases the court erred in overruling the motion for a new trial.

*Judgment reversed.　Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 29, 1925.

Accusation of disturbing worship; from city court of Baxley— Judge Speer.　April 29, 1925.

*V. E. Padgett,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.