## HOLLAND *v.* THE STATE.

The judgment should be arrested where a verdict finding the accused guilty of fornication is returned upon an indictment charging the offense of rape under the provisions of the act approved July 31, 1918 (Acts 1918, p. 259). The offense of fornication as defined in this State is not included in the crime of rape. Rape is the carnal knowledge of a female forcibly and against her will; fornication is the voluntary illegal sexual intercourse of two unmarried persons without any element of coercion or force. It is within the power of the General Assembly, in the protection of female children, helpless otherwise on account of immaturity and inexperience, to raise a presumption of law that a female under the age of fourteen years will not voluntarily consent to fornication, and by this presumption supply the force essential to the commission of rape, where the alleged injured female has not attained the age of fourteen years; but the exercise of this power by the General Assembly does not in any way affect the established rule of this court that a conviction for voluntary sexual intercourse can not be based upon an indictment for rape, though a conviction for assault, assault and battery, or assault with intent to rape may be had in a prosecution for rape.

No. 4798.  JANUARY 13, 1926.

Question certified by Court of Appeals (Case No. 16245).

*C. H. Parker* and *V. E. Padgett,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* and *A. V. Sellers,* contra.

RUSSELL, C. J. The Court of Appeals requested instruction from the Supreme Court upon the following question: "Walker Holland was tried on an indictment for rape, drawn under the Act of the General Assembly of Georgia, approved July 31, 1918 (Acts 1918, p. 259), the indictment charging that the accused 'did then and there unlawfully and with force and arms have sexual intercourse with Annie Cross Elrod, a female child under the age of fourteen years, the said Walker Holland not having previously become lawfully married to said female child, both the said Walker Holland and Annie Cross Elrod being unmarried.' The accused was convicted of the offense of fornication. Was the verdict null and void, and did the court err in overruling the defendant's motion to arrest the judgment?"

The question propounded by the Court of Appeals is answered

Constitutional Law 12 C. J. p. 983, n. 53.

Criminal Law 16 C. J. p. 1263, n. 6.

Fornication 26 C. J. pp. 987, n. 25, 31; 988, n. 43.

Indictments and Informations 31 C. J. p. 868, n. 54, 57, 61, New, 70.

Rape 33 Cyc. pp. 1415, n. 2; 1417, n. 9; 1424, n. 71; 1426, n. 76, 80; 1515, n. 81; 1516, n. 88.

in the affirmative. We are of the opinion that the verdict finding the accused guilty of fornication, under an indictment charging him with rape, is null and void, and that the lower court erred in overruling the defendant's motion to arrest the judgment. Without reference to the older English decisions, we think the decision in this case is controlled by the ruling in *Speer* v. *State, 60 Ga.* 381, and the several subsequent cases in this court in which it has been held that the offense of fornication is not included in the crime of rape. The trial judge apparently recognized the binding force of this rule as to cases of rape in general; but we gather from the insistence of counsel for the State in their brief that the trial court was of the opinion that since the passage of the act of 1918 (Acts 1918, p. 259) a conviction for fornication might be sustained where the charge of rape depended upon sexual intercourse with a female under the age of fourteen years, and who therefore could not lawfully consent to such intercourse. We can not agree to the contention of State's counsel. Rape has always been defined as the "carnal knowledge of a female forcibly and against her will." The primary purpose of the act of 1918, supra, was to raise what is generally called "the age of consent" to the age of fourteen years. The caption of the act is as follows: "An act to define and fix the age at which female children may lawfully consent to acts of sexual intercourse; to provide a punishment for a violation thereof; and for other purposes." From the caption it will be observed that the denomination of the offense and the punishment are but incidents in the paramount purpose of the act, which was the protection of female children of immature age from defilement and debauchery. When the legislature prescribed in the second section of the act "that any person violating the provisions of section one of this act shall be guilty of rape," it can not be assumed that the legislature intended to amend or in any way modify the previous definition of the term "rape" as it has been understood for centuries,—"the carnal knowledge of a female forcibly and against her will." By raising the age of consent to fourteen years the legislature raised a presumption of law that the female was so immature before she reached the age of fourteen years that she would not or could not voluntarily consent to sexual intercourse. This presumption of law is not rebuttable; and so when an act of sexual intercourse with a

girl under the age of fourteen years is shown, the law supplies the essential element of force, even though in the particular case there might have been full consent or even eager acquiescence in the unlawful act. The presumption that the inexperienced child yielded because of her mental immaturity and her inability to fathom the consequences of her act are held, as to him who takes advantage of her childishness, the equivalent of even the great degree of force that might be necessary to overcome the resistance of a grown woman to whom the act may be totally and absolutely noisome and repugnant to the fullest extent. Nevertheless rape is still the "carnal knowledge of a female forcibly and against her will." When the female is more than fourteen years old, the proof of force (in varying degrees) is and must be supplied by the evidence. Where the female is under fourteen years of age, the offense is rape regardless of proof of force other than the fact that the female child was under fourteen years of age. Cases may be imagined where actual force may be necessary to accomplish the purpose, although the girl be under the age of consent. Such cases have occurred when the age of consent extended only to ten years of age; but under the act of 1918, supra, if the age of the female be shown to be under fourteen years, the defendant is as much guilty of rape if he procured the consent of the female as if he terrorized and overpowered her. Counsel for the State in their brief refer to the difficulties attending prosecutions under the act of 1918, supra, by reason of the fact that persons accused under the provision of this act may escape conviction altogether because juries may acquit one accused of a violation of this statute by reason of doubts raised as to the age of the female, and that for that reason and in case of such doubts the jury should not let the offender escape entirely, but should be permitted, as in this case, to convict the offender of fornication. Counsel also questions whether the act is in fact a protection to the virtue of the young girls of the State. As to this, it is enough to say that the courts are not concerned with making of laws but only with their enforcement, and it would serve no useful purpose to attempt to vary the effect of a law.          *All the Justices concur.*