### 21166. COHEN *v.* SAFFER.

BELL, J. 1. "A traveling salesman is a special agent whose authority is presumed to be limited to taking and receiving orders to be transmitted to his principal for acceptance." *Dannenberg Co.* v. *Hughes,* 30 *Ga. App.* 83, 85 (116 S. E. 892). Accordingly, such a salesman has no implied authority to employ another to assist him in selling goods for his principal and to obligate his principal to pay a commission for such services. Cf. *Glisson* v. *Burkhalter,* 31 *Ga. App.* 365 (3) (120 S. E. 664). None of the evidence offered by the defendant would have tended to support the allegations of his counterclaim, and the court did not err in excluding all the evidence offered for this purpose, or in thereafter nonsuiting the cross-action.

2. "It is the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor." But "the right of cross-examination, thorough and sifting, belongs to every party as to the witnesses called against him" (Civil Code of 1910, § 5871); and "the discretion of the court in controlling the conduct of counsel towards an opposing witness, will not be interfered with unless some gross outrage to the party, and resulting damage to his cause, clearly appear." *Griffin* v. *State,* 18 *Ga. App.* 462 (3) (89 S. E. 537); *Kelly* v. *State,* 19 *Ga.* 425 (3); *Enright* v. *Atlanta,* 78 *Ga.* 288 (4); *Harris* v. *Central Railroad,* 78 *Ga.* 525 (3) (3 S. E. 355).

(*a*) This being a suit on an account, in which the defendant denied receiving a certain portion of the goods, but his evidence being self-contradictory and in some degree inconsistent with the testimony of other witnesses as to this issue, the trial judge did not abuse his discretion in permitting counsel for the plaintiff to state to the defendant, by way of cross-examination, "I want to give you one more opportunity to correct your statement that you did not receive these two shipments of merchandise."

3. In view of the notes of the trial judge explaining grounds 2, 4, 6, 14, and 18, none of these grounds presented sufficient cause for a new trial; nor was there any merit in the other grounds of the motion.

4. The case having been tried in the municipal court of Atlanta, the appellate division did not err in denying the defendant's appeal, and the judgment of the superior court overruling the certiorari can not be disturbed by this court.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED AUGUST 29, 1931.

*Hyman M. Morris* and *Louis S. Maritzer,* for plaintiff in error.
*A. S. Grove,* contra.