26600. MOORE *v.* THE STATE.

288

DECIDED FEBRUARY 9, 1938.

*Ed Wohlwender Jr.,* for plaintiff in error.

*J. R. Thompson Jr., solicitor,* contra.

MacINTYRE, J. Where, under the evidence, the rule embodied in the first sentence of Code, § 38-111, to wit: "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having existed," can properly be given in charge, the judge should also and in connection therewith give instructions that the jury in weighing the testimony of such witnesses must consider and pass upon their credibility. With reference to the question of positive and negative testimony it should be explained that where the witnesses have equal facilities for seeing or hearing a thing, and one swears that it occurred and the other that it did not, the latter's testimony, while contradictory, is as much positive as the former (*Phillips* v. *State,* 1 *Ga. App.* 687 (57 S. E. 1079); *Georgia Pacific Ry. Co.* v. *Freeman,* 83 *Ga.* 583 (2) (10 S. E. 277)), and is not to be confused with negative testimony that the witness was present and did not see or hear it (*Williams* v. *State,* 23 *Ga. App.* 542, 99 S. E. 43), and that the jury are not to give preference to positive testimony merely because it is positive, if they are satisfied that other things are not equal and that the negative testimony is more credible. *Benton* v. *State,* 3 *Ga. App.* 453, 455 (60 S. E. 116). It should also be borne in mind that if the testimony of any one or more witnesses on either side of the question at issue is corroborated by any fact or by the testimony of any other witness in the case, that corroboration should also be considered in determining the probative effect of positive and negative testimony. *Waller* v. *State,* 24 *Ga. App.* 347, 348 (100 S. E. 762). In this connection it should also be remembered that if

the testimony of a witness otherwise appears to be negative, his statement that the thing could not have happened without his seeing it, would not change his negative testimony to positive testimony. *Waller* v. *State,* supra. "It is the general rule that positive testimony is rather to be believed than negative, but with the qualification that other things are equal and the witnesses are of equal credibility. 3 Greenl. Ev., § 375; *Humphries* v. *State,* 100 *Ga.* 260 [28 S. E. 25]. It would not do to lay down the broad rule, that as between witnesses those who testify positively to a fact are rather to be believed than those whose testimony is negative. The negative testimony of a witness of good character will always outweigh the positive testimony of a witness shown to be unworthy of belief." *Kimbrough* v. *State,* 101 *Ga.* 583 (29 S. E. 39). There is a strong probability that the charging of such a rule, without qualification might be treated by the jury as requiring (not merely authorizing) them to give more credit to a hard and reckless swearer who was willing to make a positive statement, over a careful and timid witness who was trying to be cautious and careful of his statements under oath. We therefore conclude that the charge relative to the weight of positive and negative testimony was open to the criticisms made when it failed to instruct the jury that in weighing the testimony of such witnesses they must consider and pass upon the question of their credibility. *Southern Ry. Co.* v. *O'Bryan,* 115 *Ga.* 659 (42 S. E. 42); *Welborn* v. *State,* 116 *Ga.* 522, 523 (42 S. E. 773).

Headnotes 2, 3, and 4 do not need elaboration.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*