RIDER *v.* THE STATE.

768

No. 14637.   October 8, 1943.   Rehearing denied November 12, 1943.

E. C. *Brannon,* Ben F. *Carr,* and Pat *Haralson,* for plaintiff in error. *·T. Grady Head, attorney-general, G. Fred Kelley, solicitor-general,* and L. C. *Groves, assistant attorney-general,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.)

◼ Special ground 1 of the motion for new trial complains that the court erred in forcing the defendant to trial in the following circumstances: On April 13, 1943, this court, as reported in *Rider* v. *State,* 195 *Ga.* 656 (25 S. E. 2d, 304)ʲ reversed ₁a **judgment**

overruling the defendant's motion for new trial on a former hearing of this case. The remittitur of this court was sent down, at the request of the trial judge, sooner than ten days after the judgment rendered by this court, and on April 19, 1943, over objection of counsel for the defendant, and on motion of the solicitor-general, that judgment was made the judgment of the trial court. On the same day the case was redocketed and assigned for trial on April 21. On the call of the case the defendant moved that the court vacate the judgment entered on the remittitur, on the ground that it was entered over the protest of the defendant, and that under the well-established rule that this court should have held the remittitur ten days, the judgment entered thereon was premature, unauthorized, and that the defendant had the right to expect that no premature judgment would be entered; and that he did not have time in which to prepare his defense against the charge of rape. This motion was overruled by the judge and the case proceeded to trial. It is contended that the action of the judge was harmful and prejudicial, because it denied the defendant's counsel sufficient time in which to prepare and properly present his defense and to locate and interview witnesses, especially as counsel were engaged in the trial of other cases on the 19th, 20th, and 21st of the month and until this case was called for trial, and he was thus denied the benefit and privilege of counsel with sufficient time to prepare his defense.

While, as asserted in the motion it is the practice of this court to hold up a remittitur for ten days following its judgment, "The court may by special order in any case direct that the remittitur be transmitted to the clerk of the trial court immediately after the rendition of the decision and judgment, or at any other time, without awaiting expiration of the usual period of ten days." Rule 40 (a). "Whether the remittitur shall be forwarded earlier than the time fixed in the above rule is a question addressed to the discretion of the court." *Seaboard Air-Line Ry.* v. *Jones,* 119 *Ga.* 907 (5) (47 S. E. 320). The purpose of holding up the remittitur is, of course, to afford reasonable time within which a party may file a motion for rehearing. In the present instance the judgment of reversal by this court inured to the benefit of the defendant, making possible a new trial, and no occasion then existed for his filing a motion for rehearing. The entry of judgment in the

trial court was a proper compliance with the remittitur, and the court did not err in overruling the motion to vacate.

Nor did the court err in refusing a continuance. It appears that on the former trial of the case the defendant was represented by the same three attorneys who represented him in the present proceeding, and who were presumably well acquainted with the details of the case the State would endeavor to make against the defendant, and it is not shown in the ground that it was expected that any evidence contradicting the contentions of the State as to the commission of the alleged crime might be obtained, or that any additional witness was procurable, or former witnesses actually inaccessible. Numerous citations might be made to the effect that an application for a continuance is always addressed to the sound discretion of the judge, and that his discretion will not be disturbed unless it appears that the refusal of a continuance was an abuse of discretion. No merit is shown in this ground.

■ It is complained that the venue of Lumpkin County where the case was tried was not established. The prosecutrix testified that the alleged act of rape was committed "up there where Mr. Rider [referring to the father of the defendant] lives back in them hills. I aint lernt what county it is in. It was between Will Rider's house and the river." A deputy sheriff testified for the State, that he heard her describe the location, that while he did not know that he had been to the exact spot he had been in that location, that the place she located is in Lumpkin County, that all of the territory between Will Rider's house and the river is in Lumpkin County, though he could not say in what particular hollow it was that the prosecutrix and the defendant were at the time of the alleged commission of the crime as related by her. The contention that this testimony did not show venue of Lumpkin County cannot be upheld. The prosecutrix had testified that the alleged crime was committed in a hollow in the vicinity of the home of the father of the defendant, which was in her sight at the time, but that she could not exactly describe the particular hollow; though she testified that the spot where the alleged crime was committed was between that house and the river. The deputy sheriff, while not able to say from her testimony just what particular hollow she was referring to as being in that locality, affirmatively swore that he had been in the described locality; and that if the alleged crime

was committed at a spot between the house and the river, that spot was in Lumpkin County, all of the territory embracing the spot being in Lumpkin County. There was no evidence which warranted even a bare conjecture that the crime was committed elsewhere; and the venue was sufficiently established. See *Womble* v. *State,* 107 *Ga.* 666 (3) (33 S. E. 630); *Lee* v. *State,* 176 *Ga.* 215 (167 S. E. 507).

■ It is complained that the court erred in refusing to give a requested charge on the offense of assault with intent to rape, which, it is contended, was applicable to the evidence, because the testimony of the prosecutrix showed that "in one instance the defendant was scuffling with her when Bud Washington came up, and he did not accomplish the act." If this unsuccessful attempt had been the only criminal act shown by the evidence, there would be much force in this argument; but it is without merit, for the reason that the testimony of the prosecutrix was that shortly theretofore the defendant had had sexual intercourse with her, forcibly and against her will, and if the jury believed her he was guilty of the major completed offense of rape. As ruled by this court on the former appearance of the case: " 'No person shall be convicted of an assault with intent to commit a crime, . . when it shall appear that the crime intended, or the offense attempted, was actually perpetrated by such person at the time of such assault, or in pursuance of such attempt.' Code, § 27-2508. Although a conviction of assault with intent to rape, under § 26-1404, may be had on an indictment for rape where the act was attempted but not completed (*Johnson* v. *State,* 14 *Ga.* 55, 59; *Stephen* v. *State,* 11 *Ga.* 225 (7); *Holland* v. *State,* 161 *Ga.* 492, 131 S. E. 503; *Harris* v. *State,* 21 *Ga. App.* 75, 94 S. E. 75), and the jury should in all such cases be instructed that the defendant may be found guilty of the lesser offense necessarily involved in the graver offense, if under any view of the evidence submitted a conviction of the lesser offense would be authorized (*Moore* v. *State,* 151 *Ga.* 648 (5), 662, 108 S. E. 47; *Sutton* v. *State,* 123 *Ga.* 125, 127, 51 S. E. 316), yet if all of the evidence shows that the defendant, if guilty at all, was guilty of the completed major offense, it is not error to fail to charge as to the lesser offense. *Lewis* v. *State,* 156 *Ga.* 862 (120 S. E. 124), and cit.; *Welborn* v. *State,* 116 *Ga.* 522 (2), 524 (42 S. E. 773); *Whitley* v. *State,* 188 *Ga.* 177 (2), 178 (3 S. E. 2d, 588)."

■ The court charged the jury: "I charge you that the existence of a fact testified to by one positive witness is to be believed rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired. This rule does not apply when two parties, or two persons, having equal opportunities, or equal facilities, for seeing or hearing, or knowing a thing, and where one swears that it occurred, or it existed, and the other swears that it did not occur or did not exist." Error is assigned on the grounds that (a) it was inapplicable, (b) confusing to the jury in that there was no negative testimony, and since there was positive testimony by the prosecutrix it was the duty of the jury under the charge to believe her, and (c) the court failed to charge the necessary qualifying words "being of equal credibility." It has many times been held that it is reversible error for the court to give in charge the provisions of the Code § 38-111, as did the court here, without also charging as contended by the plaintiff in error. A general charge on credibility of witnesses does not cure the defect, because, though under such charge the jury might find that a witness swearing positively is of less credibility than one swearing negatively, still to give in charge § 38-111, without the qualifying words "of equal credibility," might confuse the jury and cause them to believe that notwithstanding the general charge on credibility they must accept the sworn positive testimony of a less credible witness in preference to that of a cautious witness, more credible, who testifies negatively. *Atlanta Consolidated Street Ry. Co.* v. *Bigham,* 105 *Ga.* 498 (30 S. E. 934); *Southern Ry. Co.* v. *O'Bryan,* 115 *Ga.* 659, 660 (42 S. E. 42); *Warrick* v. *State,* 125 *Ga.* 133 (8), 142 (53 S. E. 1027); *A. C. L. Ry. Co.* v. *O'Neill,* 127 *Ga.* 685 (2), 689 (56 S. E. 986); *Ware* v. *House,* 141 *Ga.* 410 (2) (81 S. E. 118); *Georgia Railroad &c. Co.* v. *Radford,* 144 *Ga.* 22 (2) (85 S. E. 1006); *Estill* v. *Estill,* 149 *Ga.* 384 (100 S. E. 365). The plaintiff in error, conceiving that the charge was intended to be applicable to the testimony of the prosecutrix as to the alleged criminal act of the defendant, correctly asserts that there was no opposing sworn negative testimony. If the evidence were equally silent in all respects as to an instance of positive and negative testimony, the complaint might be said to be well founded; but an examination of the record does otherwise reveal such opposing tes-

timony. Ishmuel Elrod, a witness for the defendant, testified that the prosecutrix on one occasion was at Cane Creek Falls, and "she was up there dancing around and having a big time," and "at that time she got in a car with some boys there. Her husband wasn't in the car." After the prosecutrix had been recalled to the stand in rebuttal, she testified: "Ishmuel Elrod never saw me get in a car out here at Cane Creek Falls or any other place, with some boys, and go away from there. Not that I know of. . . I have never been to Cane Creek Falls but one time I remember of." Hence, to such testimony the provisions of the Code § 38-111 were applicable, if supplemented by the proviso as to equal credibility; but, as will presently appear, the charge without the addition was not harmful to the defendant. The positive testimony was in favor of the defendant, and to the disadvantage of the State, in that it purported to show misconduct of the prosecutrix and affect her general credibility. In this situation the ruling in the cases above cited does not apply, but as ruled in *Georgia Railway &c. Co.* v. *Wheeler,* 141 *Ga.* 363 (2-a) (80 S. E. 993), the exception controls. After stating the general rule, it was held: "It does not follow in all cases, however, that such a charge without the addition held to be proper will necessitate a reversal. Thus, if the positive evidence in regard to the facts under consideration was introduced by the losing party, and the negative evidence in regard to such facts was introduced by the successful party, a charge to the effect that positive testimony should outweigh that which is negative, without qualification, would be more favorable to the losing party than he would have a right to ask; and such error in favor of the unsuccessful litigant would not furnish ground for a reversal on his motion." See also *Southern Railway Co.* v. *Lee,* 59 *Ga. App.* 316 (1) (200 S. E. 569) ; *Corbin* v. *State,* 64 *Ga. App.* 294, 296 (13 S. E. 2d, 82). This ground of the motion shows no cause for reversal.

■ Ground 5 complains that a quoted excerpt of the charge was erroneous and injurious, because it was a summary of evidence of a witness for the State, favorable to the State, and without a summary of the evidence on cross-examination, favorable to the defendant, was argumentative and an expression of an opinion by the court, and was unsound, incomplete, and confusing to the jury in its indefiniteness. This ground has been carefully considered, and is without merit, and no discussion is deemed profitable.

■ The charge complained of in ground 6 was: "In other words, gentlemen, if the defendant by means or display of a weapon brought such fear to the female that she was afraid not to consent, and if by the use of a weapon she was intimidated to the extent that she dared not [refuse to] give her consent, and the defendant under these circumstances had carnal knowledge with her, and you believe that to be the truth of the case beyond a reasonable doubt, then I charge you that intercourse with [the prosecutrix] under such circumstances would be rape, whether [the prosecutrix] offered any physical resistance or not." This stated a correct principle of law as applied to the evidence, and was not 'error for the assigned reasons that it was an expression of opinion and made a summary of the evidence favorable to the State and prejudicial to the defendant. See *Allen* v. *State,* 155 *Ga.* 332 (116 S. E. 534) ; *Hamilton* v. *State,* 169 *Ga.* 826, 829 (2) (151 S. E. 805).

■ The charge complained of in ground 7, "and on the question of corroboration you may consider any other act or any other thing which the defendant—which the person alleged to have been raped may have done," is not subject to the objection that it was too broad and, in connection with the statement by the court immediately theretofore, was an expression of opinion that the prosecutrix had made an outcry, and that her clothing was torn and her body bruised, bleeding, and scratched at the time of such outcry following the alleged rape upon her by the defendant. The court had charged immediately before this instruction that on the question of corroboration the jury may look to "all the facts and circumstances of the case; and if the evidence showed that a rape was committed upon her, the jury should investigate whether she made at the time or soon thereafter an outcry, and whether or not her clothes were torn or her body or person was bruised or bleeding or scratched;" all of which inquiry, to which the court directed the jury, was authorized by the evidence. The charge was not error for any reason assigned.

■ The ground consisting of several pages wherein are related numerous occurrences on the trial of the case, objections by defendant's counsel, colloquies between counsel, rulings by the court, and other matters, is too improperly framed and confusing to present any question for decision. *Johns* v. *State,* 180 *Ga.* 187 (12) (178 S. E. 707).

■ Ground 9 complains that the court refused to allow the defendant's counsel to ask the prosecutrix, while on cross-examination, questions which would, as stated, have elicited answers that a lock on the inside of her cell at the jail had been tampered with and was repaired or replaced by the jailor, but that she did not tamper with it; that the defendant reported this to the wife of the jailor; that other inmates were denied the run of the jail, and she was confined to her cell. This is not a complaint because full cross-examination was denied, but rather that withholding the expected testimony injured the defendant. The ground does not show how the evidence would have been material, and hence shows no injury.

■ The ruling in headnote 10 does not require further exposition.

■ Ground 11 complains that the court erred in permitting a deputy sheriff to testify: "I did hear her testimony [that of the prosecutrix] yesterday, about where she says this took place, the intercourse out here. That is in Lumpkin County." The objection was that the testimony was hearsay and prejudicial, as no venue had otherwise been proved. The testimony was not hearsay. The witness was not giving an opinion which was based on something stated to him by the prosecutrix out of court, but was testifying as to knowledge of territory described by the prosecutrix in her testimony as that in which the alleged crime was committed. The record shows that while he testified that he could not, from the testimony of the prosecutrix, identify the exact spot where she testified that the crime was committed, he was familiar with the locality between the house of the defendant's father and a river, as testified to by the prosecutrix, and that such locality, within which she swore the alleged crime was committed, was in Lumpkin County in which the case was being tried. While the witness's knowledge of the described locality was based on hearsay, and not from an actual survey made by him, that fact did not render his testimony inadmissible. *Wimbish* v. *State,* 70 *Ga.* 718 (3) ; *Ivey* v. *Cowart,* 124 *Ga.* 159 (3), 162 (52 S. E. 436, 110 Am. St. R. 160) ; *Eunice* v. *State,* 38 *Ga. App.* 357 (143 S. E. 925) ; *Poulos* v. *State,* 49 *Ga. App.* 20 (174 S. E. 253).

■ Ground 12 involves the same question as just dealt with, and is likewise without merit.

■ While a deputy sheriff was on the witness-stand and had stated that he heard the prosecutrix testify as to the place where the alleged crime was committed, being between the house of the defendant's father and a certain river, and with which he was familiar, and that it was in Lumpkin County, the court asked, "And you know where the river is in reference to that place?," to which the witness answered, "I don't know as I have been to the exact spot, but I have been in that location." Thereupon the court asked "But the place she locates in her testimony is in Lumpkin County?" The witness answered, "Yes, sir." In ground 13 complaint is made that the last question asked by the court was harmful error, in that it conveyed to the jury the idea that proof of location had been made, and that the court was satisfied as to the venue. We think that the only significance to be attached to the question is that it was thereby sought to be established whether or not the witness was able to say that the location described by the prosecutrix was in Lumpkin County, although he had testified that he had not been to the "exact spot." In other words, the substance of the examination was as if the court had said, "I understand you to say that you have not been to the exact spot [described by the prosecutrix as a hollow between the house of the defendant's father and the river], but that the locality embracing the spot is in Lumpkin County?" No merit is shown in this ground.

■ During the cross-examination by one of the defendant's counsel the prosecutrix made reference to an unsuccessful attempt by the defendant to have a third forcible intercourse with her, which attempt was frustrated by the approach of a third person, and the defendant was thus reduced to a state of sexual unreadiness or, as described by the prosecutrix, he was without "courage." Counsel then asked several questions in respect to the prosecutrix's choice and meaning of the word "courage," and she indicated to counsel by her answers that she felt that she had conveyed the idea she meant to express, "whatever you call it." Counsel then stated that he thought he knew what the witness meant, and, using a very bald word, asked if it was what the witness meant by "courage," and when he sought to pursue the subject further the court intervened and said, "Well now, gentlemen, let's go along. This is a delicate matter. This girl refers to 'courage,' and you refer to [the bald word], and she says 'whatever you call it.' I think that

is enough." Error is assigned on the ground that the statement by the court was an expression of opinion, created a sympathy for the witness, and was a rebuke to counsel for the defense. Not only may the court restrain useless and unnecessary examination (*Sims* v. *State*, 177 *Ga.* 266 (2), 170. S. E. 58), but the discretion of the court in controling the conduct of counsel toward an opposing witness will not be interferred with "unless some gross outrage to the party be made very apparent, and damage resulting to his case plainly appear." *Enright* v. *Atlanta*, 78 *Ga.* 288 (4), 295; *Griffin* v. *State*, 18 *Ga. App.* 462 (3) (89 S. E. 537); *Cohen* v. *Saffer*, 43 *Ga. App.* 746 (2) (160 S. E. 130). No reversible error is shown in this ground, especially since it does not appear that counsel made any objection or motion to declare a mistrial. *Clifton* v. *State*, 187 *Ga.* 502 (4) (2 S. E. 2d, 102).

■ During cross-examination of the prosecutrix the court stated to the defendant's counsel, "I will permit you to ask her if she has changed her testimony in any substantial way; but in fairness to the witness you should point out to her the specific matters where you contend she has changed her testimony." Counsel replied, "I haven't contended that yet this morning," and the court then stated, "If you don't contend that, then it is unfair to ask the witness." In ground 15 complaint is made that the statements of the court were harmful and prejudicial to the defendant, and created in the minds of the jury the impression that the prosecutrix was being treated unfairly, and disparaged defense counsel. This ground is without merit, and is controlled by the principles of law announced in the preceding division.

■ The verdict was authorized by the evidence.

*Judgment affirmed.* *All the Justices concur.*