### 33810. YOUNG v. THE STATE.

GARDNER, J. (a) This case is based on the Code, §§ 74-301—74-303 regarding bastardy proceedings. The justice of the peace on affidavit of the mother, required the putative father to appear before the justice of the peace. After evidence, the justice of the peace issued an order requiring the defendant to give bond for the maintenance of the child until it arrived at the age of fourteen years. At the time the proceedings were instituted the child was not born. The father refused to give the bond. Thereupon the judicial officer issuing the writ under the proceedings required of the defendant an appearance bond to the city court of Swainboro. At the next term an accusation was drawn by the solicitor of that court, and an issue on a plea of not guilty was formed. The trial was had before the court and a jury. A verdict of guilty was returned. During the progress of the trial, counsel for the defendant stated to the court that it was admitted that the justice of the peace required of the defendant the giving of the bond for $750, as provided under the statute governing bastardy proceedings as above noted.

(b) The defendant in due course filed his motion for a new trial on the general grounds, and added a number of special grounds by amendment. The court overruled that amendment. The defendant excepts here to

that judgment. Insofar as the general grounds are concerned, the evidence authorized the verdict, and we have no authority to disturb said verdict.

(c) In special ground 1 (numbered ground 4), it is contended that the case should be reversed because the court did not charge fully enough the law relative to the weight of evidence and the credibility of witnesses testifying, since the evidence was conflicting. There was no request to charge more fully. Counsel cites a number of decisions: *Selman* v. *Malcom,* 2 *Ga. App.* 770 (59 S. E. 85) ; *Central of Ga. Ry. Co.* v. *Sowell,* 3 *G. App.* 142 (59 S. E. 323) ; *Atlantic Coast Line R. Co.* v. *O'Neill,* 127 *Ga.* 685 (2) (56 S. E. 986); *Central of Ga. Ry. Co.* v. *Orr,* 128 *Ga.* 76 (2) (57 S. E. 89); *Alabama Great Southern Ry. Co.* v. *Brock;* 139 *Ga.* 248 (2) (77 S. E. 20); *Georgia Railroad & Bkg. Co.* v. *Radford,* 144 *Ga.* 22 (2) (85 S. E. 1006). Those cases do not sustain the contention of the defendant, for there the question involved was regarding positive and negative testimony. No such question is involved here under this record. The court's charge was sufficient, under the record of this case. This ground is without merit.

(d) Special ground 2 (numbered ground 5) attacks the charge because the court did not charge as to the presumption of innocence in favor of the defendant. The charge on this subject was: "In every criminal case the defendant is, by the law, presumed to be innocent until proven guilty by competent evidence of the crime charged to a moral and reasonable certainty, and beyond a reasonable doubt." This excerpt, in connection with the whole charge of the court, renders this contention of the defendant unfounded. Counsel cites *Adams* v. *State,* 25 *Ga. App.* 12 (102 S. E. 372) to sustain his contention. That decision does not do so. A casual reading of that opinion will sustain our opinion here.

(e) Special ground 3 (numbered ground 6) assigns error because the court did not, without a written request, charge Code § 38-109 regarding circumstantial evidence. Counsel calls our attention to a number of decisions based on this section, but we see no necessity of repeating them here, because it is elementary that, unless the facts relied on for conviction are wholly circumstantial, it is not error to charge the provisions of the section here involved. The mother of the child swore positively that the defendant was the father of the child. There is no evidence to gainsay this. Indeed, nothing, save the unsworn statement of the father, was offered which would substantially discredit the mother's testimony.

(f) Special ground 4 (numbered ground 7) complains that the court did not examine the *proposed* bond which the justice of the peace required the defendant to sign for the maintenance and support of the child. This seems to be wholly without merit. The defendant admitted that the justice of the peace required him to give the bond in terms of the statute, and that he, the defendant, refused. We are somewhat at a loss to get the viewpoint of the defendant in this regard. He calls our attention to *Huggins* v. *State,* 57 *Ga. App.* 189 (194 S. E. 845). That case simply holds that a mere general requirement of the justice of the peace that the defendant give a bond for $750 as specified in the Code,

without limiting the terms of it to fourteen years, is not such a bond as the law requires. But, in the instant case as to the bond, it was admitted in open court, as noted above, that the justice of the peace required a bond under the terms of the statute, so that case has no application here, and this ground has no merit. Special ground 5 (numbered ground 8) attacks the court's charge for its failure to instruct a witness as to his constitutional rights relative to giving testimony that would tend to incriminate him. There was no request as to this. It seems to be a remote collateral issue and requires no reversal.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED DECEMBER 5, 1951.

*H. Alonzo Woods*, for plaintiff in error.
*Darius N. Brown, Solicitor*, contra.