## 7660. BROOKS v. THE STATE.

HODGES, J. 1. The trial judge did not err in his charge to the jury on the question of keeping on hand liquor at a place of business.

2. There was no error in the charge of the court on the question of selling intoxicating liquors and keeping liquors on hand, and the jury necessarily, from the entire charge, understood that before the defendant could be convicted of the latter offense, it must be shown that the keeping of liquors on hand was in his place of business.

3. The court having instructed the jury on the law as to the prisoner's statement, it was not necessary to charge them that they should look to his statement in connection with the testimony, in passing upon his guilt or innocence.

4. In instructing the jury upon the weight, force, and credit to be given to the testimony of witnesses, it is not necessary for the court to say that the jury should consider the statement of the defendant as well as the evidence of the witnesses; and the failure so to charge does not deprive the defendant of any right given to him under the law, where the law relating to the prisoner's statement has been given in charge.

5. The court did not err in the following charge: "If liquor was found in the upstairs part of the building, and was connected with the room or place of business of defendant, so that there was convenient access to the same, and if you believe from all the facts and circumstances of the case that liquor was kept in that upstairs part of the building, that the defendant had control of it, it would not matter whether anybody else had anything to do with the liquor in that upstairs part of the building or not. I mean to say that if the defendant, with others, had control of that liquor, kept it there, they would all be guilty, and each would be guilty; but I charge you, on the other hand, that if these others kept it and had control of it, and the defendant did not, you could not convict him, so far as keeping liquor on hand at his place of business is concerned." This charge was not subject to exception upon the ground that it invaded the province of the jury and instructed them, as a matter of law, that the whisky found was in the place of business of the defendant and in his custody and control, and failed to charge that this was a question for the jury to determine.

6. The instruction to the jury that they should "look to the evidence to see whether that liquor was kept on hand by this defendant, kept there by himself or through and in connection with other persons," was not error upon the ground that the court failed to instruct the jury that the keeping of the liquor was not a violation of the law unless it was kept on hand at the defendant's place of business. The charge of the court is to be construed as a whole, and, so construing it, the jury must have understood from it that in order to convict the accused, the evidence must show that the liquor was kept on hand at his place of business.

7. There was no substantial error in the charge of the court in reference to the defendant's statement.

8. There was no error in the instruction of the court on the doctrine of reasonable doubt.

9. It was not error for the judge to instruct the jury as follows: "If you believe the testimony, in view of all the facts in this case, of this witness, Charley Holly,—if you believe it, the fact that he is a negro would not authorize you to set aside his testimony. What you are after in this case is the truth. That is all, and that is a great deal. It is a great office for the jury to perform. You go into court, presumably at least, without prejudice, without bias, and without animosity, without partiality. Of all places in the world the place to find impartiality is in the jury-box. That is the place to be honest, unprejudiced, and impartial in the consideration of the case, and that is the place to search simply for the truth of the case, and when you have found it, to declare the truth of the case. If you don't find it, acquit the defendant. If you can not find that the truth of the case is that he is guilty beyond a reasonable doubt, acquit the defendant, but if you find the truth of the case is, beyond a reasonable doubt, that he is guilty of either keeping or selling, or both, as charged in this indictment, you will be authorized to render a verdict of guilty; otherwise you would not." While this charge may be inapt, and in the nature of a lecture to the jury upon the duty of a citizen and a juror, it can not be said to be harmful, upon a consideration of the evidence in the case; and it did not express or intimate to the jury that the presiding judge believed that the witness referred to was testifying to the truth in the case. It was not error upon the ground that it "restricted the right of the jury to acquit the defendant only upon the conditions of their failure to find the truth of the case." On the contrary, the jury were instructed that if they failed to find the truth beyond a reasonable doubt, it would be their duty to acquit the accused. Nor was this instruction subject to the exception that it "amounted to an expression of opinion that the defendant was guilty, and tended to convey to the minds of the jury the idea that unless they found him guilty, they would not find the truth of the case."

10. In the light of the charge of the court as a whole, it was not error on the part of the presiding judge to fail to instruct the jury specifically that "the jury is the sole and exclusive judge of the law and the facts in the case."

11. The instruction, "if you find the truth of the case is, beyond a reasonable doubt, that he is guilty of keeping or selling, or both, as charged in the indictment, you will be authorized to render a verdict of guilty, otherwise you would not," was a sufficient instruction as to the verdict to be reached by the jury.

12. The verdict is authorized by the evidence.    *Judgment affirmed.*

DECIDED DECEMBER 8, 1916. JUDGE HODGES PARTICIPATED IN THE JUDGMENT, BUT WAS PREVENTED BY HIS LAST ILLNESS FROM BEING PRESENT WHEN THE DECISION WAS ANNOUCED.

REHEARING DENIED DECEMBER 21, 1916.

Accusation of misdemeanor; from city court of Macon—Judge Guerry. June 30, 1916.

*C. A. Glawson, S. B. Hunter, Wimberly & Wimberly,* for plaintiff in error. *John P. Ross, solicitor-general,* contra.