# CHARLESTON.

## Ex Parte Robert Glass.

Submitted October 10, 1917.    Decided October 16, 1917.

1. Intoxicating Liquors—*Prohibition Law—Discretion of Prosecuting Attorney—Constitutionality of Statute.*

    The provision of sec. 32, of ch. 32A of the Code, permitting the prosecuting attorney of any county, or the State commissioner of prohibition, to elect whether a justice of the peace before whom a person is arraigned on a charge of having violated a provision of that chapter, the prohibition act, the first time, shall hear and determine the charge, or merely put the accused on his preliminary examination, and, on proof of probable cause, require him to give a recognizance for his appearance to answer an indictment, or commit him to jail in default thereof, is constitutional and valid. (p. 113).

2. Same—*Jurisdiction of Justice of the Peace—Validity of Prohibition Act—Constitutional Provisions.*

    Sec. 28 of Art. VIII of the Constitution, vesting in justices of the peace such jurisdiction and power in criminal cases, as may be prescribed by law, impliedly authorizes the legislature to give or withhold such jurisdiction, and in the exercise of that plenary power, it validly conferred jurisdiction of first offenses under the prohibtion act upon justices of the peace conditionally, by the enactment of sec. 32 of ch. 32A of the Code.    (p. 113).

3. Same—*Jury—Trial by Jury—Legislative Power—Prohibition Act.*

    Said provision does not encroach upon or impair the right of trial by jury, nor discriminate in favor of the state and against

the accused, in such manner or to such an extent as to make it conflict with any constitutional limitation upon the legislative power.   (p. ......).

4.   SAME—*Jurisdiction of Justice of the Peace—Prohibition Act—Validity.*

· The provision of sec. 10 of ch. 32A of the Code, authorizing a justice of the peace, on such an examination and finding of probable cause, to require two recognizances of the accused, one to answer an indictment and the other not to violate any provision of the chapter, in the meantime, and to commit him to jail for failure to give either or both of such recognizances, is valid and constitutional.   (p. 113).

5.   JURY—*Right to Jury Trial—Constitutional Provisions.*

Sec. 10 of Art. III of the Constitution does not inhibit imprisonment, without a trial by jury, to await an indictment, or for trial on an indictment or other accusation, or failure to give security for good behavior.   The inhibition thereof extends only to imprisonment as a legal consequence of a conviction of a crime.   (p. 114).

6.   BAIL—*Criminal Law—"Excessive Bail"—"Cruel or Unusual Punishment."*

A statutory penalty of $500.00 in a bond with condition not to violate a criminal law, pending a prospective grand jury inquest as to probable cause to believe the party of whom such bond is required has already violated such law, is not excessive within the meaning of sec. 5 of Art. III of the Constitution, inhibiting the requirement of excessive bail.   Nor is imprisonment for failure to give such a bond an infliction of cruel or unusual punishment within the meaning of said section.   (p. 115).

Application by Robert Glass for a writ of habeas corpus.

*Prisoner remanded.*

*L. C. Musgrave,* for petitioner.

*Walter R. Haggerty* and *Jno. T. Simms,* for respondent.

POFFENBARGER, JUDGE:

This application for a discharge from custody, on a writ of habeas corpus, is predicated upon the assumption of unconstitutionality of two provisions of ch. 32A of Barnes' Code; the one found in sec. 32, permitting the prosecuting attorney or the state commissioner of prohibition, to elect

whether a justice shall hear and determine a charge made against a prisoner arraigned before him, for an alleged first violation of any provision of that chapter, or merely hold a preliminary examination and require a recognizance of the prisoner, conditioned for his appearance to answer an indictment, on proof of probable cause, and commit him to jail in default thereof; and the one found in sec. 10, authorizing a justice, on such an examination and finding, to require the accused to enter into a recognizance in the penalty of $500.00, not to violate any of the provisions of the chapter, between the date of the recognizance and the adjournment of the next grand jury term of the circuit, criminal or intermediate court of the county, in addition to the recognizance for his appearance to answer an indictment, and to commit him to jail in case of his failure to give such bond for good behavior.

Glass was arraigned before a justice, on a charge of having violated sec. 9 of the act, the prosecuting attorney of the county appeared and elected to have the justice conduct only a preliminary examination, the prisoner demanded a trial by jury and tendered the jury fee prescribed by law, his demand was overruled, the justice, on the preliminary examination, found probable cause and required both recognizances, the accused gave the one requiring him to appear to answer an indictment, but declined to give the other, and he was committed and is now in custody.

The right of election given to the state works no invasion or denial of the constitutional right of trial by jury. Jurisdiction of the first offenses under the act is vested in justices of the peace only conditionally. The legislature was not bound to confer such jurisdiction upon them at all. Their jurisdiction and powers in criminal cases are purely statutory. The constitution expressly so limits them. Art. VIII, sec. 28. Having plenary power and authority over the subject of jurisdiction of offenses under the act and particularly of the jurisdiction of justices, respecting the same, the legislature could give or withhold it, or make it partial or conditional. In making it conditional, it did not, therefore, exceed its powers.

The discrimination in favor of the state, effected by the

grant of the right of election to the state and not to the prisoner, violates no constitutional provision. It is not a discrimination between citizens, and its plain purpose is efficiency in the administration of a criminal law of the state. All citizens accused of offenses under the act are subject to the regulation in question, and it vests no discretion in the officers to relieve guilty persons from prosecution. The power of the state to reserve to itself privileges and rights necessary to the promotion of the public welfare and not inhibited by the constitution, is beyond question. The provision under consideration simply confers upon the state a choice as to the forum, without deprivation of the right of trial by jury. The accused has that in the circuit, criminal or other court of record in which he is required to appear. If the state waives its right of election and there is a conviction in the justice's court, with or without a jury, the constitutional right of jury trial is preserved by the unfettered right of appeal guaranteed to the accused. *Vetock* v. *Hufford,* 74 W. Va. 785.

The punitive character and effect of the requirement of a bond conditioned for good behavior, pending the grand jury inquest, may be conceded, without admission of conflict between the statute providing for it and the constitution. In *State* v. *Gilliland,* 51 W. Va. 278, the question under consideration was whether a court, on conviction of the accused of a statutory offense, had inherent power to put him under a recognizance not again to commit the offense within one year, no statute having conferred such jurisdiction. The constitutional question here raised was not involved at all. The element lacking in that case is present in this one. A statute confers the power. Though the burden of such a statute is punitive, it does not work such a deprivation or restraint of liberty as is inhibited by sec. 10 of Art. III of the constitution. That inhibition goes only to imprisonment as a legal consequence of conviction of a crime. It does not preclude imprisonment to await indictment or trial, or on conviction of a contempt or an offense not made a crime. *Ex parte Jones et al.,* 71 W. Va. 597, 608; *State* v. *Gibson,* 33 W. Va. 97; *McGear* v. *Woodruff,* 33 N. J. L. 213; *In re Rolfs,* 30 Kan. 758. In such cases, there are thousands of commit-

ments throughout the country, every day, without trial by jury.

Nor does this requirement hamper, clog, fetter or restrict the right of appeal, which may be exercised while in custody. *Vetock* v. *Hufford*, cited. Moreover, the right of appeal is not involved here at all, wherefore most of the authorities cited in the brief are wholly inapplicable.

Regarded as bail, the amount of the recognizance is not excessive. That the accused cannot give security in the sum specified proves nothing, as to its reasonableness. No doubt persons can be found, that are unable to give bail in any amount however small. If determination of the amount were left to the discretion of the court, inability of the accused to give security in the sum required would be a circumstance indicative of abuse of judicial discretion and excessiveness of the amount. 6 C. J. 899; 3 R. C. L. p. 28. Financial ability of the accused is not the only element to be considered. Here the law fixes the amount upon various considerations, including the character of the offense charged and the state's policy respecting the subject matter. The legislature has fixed the penalty of the bond, at a sum by it deemed reasonable and fair, and as the courts judicially know it is within the ability of the average citizen, they cannot say it is excessive. It is much easier for a man of good character to give a bond for good behavior for a limited time, than to give one to answer an indictment, for there is less motive or inducement for breach of the condition.

The incidental punishment is not of the kind deemed cruel and unusual. It is just such punishment as is daily inflicted in every English and American jurisdiction.

Having shown no ground for discharge, the prisoner will be remanded.

*Prisoner remanded.*