### 9587.   COOLEY *v.* THE STATE.

BLOODWORTH, J.   1. Even if the charge of the court complained of in reference to the burden of proof was erroneous, it was harmless, as there was direct and positive evidence that the "stuff" possessed and sold by the accused was rye whisky.

2. No error appears in the excerpts from the charge complained of in ground 6 of the motion for a new trial.   *Brooks* v. *State,* 19 *Ga. App.* 46 (9).

3. The excerpt in ground 7 of the motion states a correct proposition of law.   If a fuller charge on the subject was desired, a proper and timely written request therefor, as provided by the statute, should have been made.

4. The evidence authorized the verdict.
*Judgment affirmed.   Broyles, P. J., and Harwell, J., concur.*
DECIDED MAY 1, 1918.

Accusation of unlawful possession and sale of liquor; from city court of Savannah—Judge Rourke.   December 22, 1917.

The instructions referred to in the decision were as follows:

1. "The law is, that if the State has adduced evidence that a beverage having the same color and taste and odor as liquor, the burden then shifts from the State to establish beyond a reasonable doubt that the defendant is guilty, and the burden is then upon

the defendant to establish to the satisfaction of the jury that the beverage in question is not liquor; and unless the defendant so satisfies the jury, the jury shall assume that it is liquor."

2. (Ground 6) "The credibility of a witness is a matter solely for the jury, but the jury should not disregard testimony of a witness simply /because he is a colored man; it is as possible for a person of the colored race to tell the truth as any one else, and it is not against his credibility that he is a colored man." It was contended that this instruction was argumentative, and that it expressed or, intimated an opinion, or suggested to the jury that the State's main witness, a colored man, was telling the truth.

3. (Ground 7) "You can look to the evidence and see if a witness has been impeached, and ascertain if there is any corroboration of his testimony. If a witness has been impeached, and there is no corroboration of his testimony, his testimony should be disregarded; but even if a witness has been impeached by the rules laid down by law, if it has been established that he is unworthy of belief by the rules laid down by law, if there is corroboration of his testimony, it is within the province of the jury to believe him." It was contended that this extract from the charge did not set forth the correct rule of law as to the credit to be given to an impeached witness, and was misleading and confusing.

*Shelby .Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.