FULFORD *et al. v.* THE STATE.

ATKINSON, J. 1. "While it is the duty of the court, whether requested or not, to charge the jury the appropriate law on the substantial issues of a case, yet a defendant who submits a written request for a charge on a material issue, which charge as requested is given to the jury, can not complain that the proposition therein embraced should have been elaborated by the court." *Walker* v. *State,* 124 *Ga.* 97 (4), 98 (52 S. E. 319). Applying this principle, the charge of the court on the subject of alibi, upon which error was assigned, does not require the grant of a new trial.

2. The evidence authorized the jury to find that the sole eye-witness to the murder was not an accomplice, and was sufficient to support the verdict finding the defendants guilty.

3. The alleged newly discovered evidence was cumulative and impeaching in character, and it does not appear that a different result would or ought to be reached on another trial.

4. None of the grounds of the motion for new trial show cause for reversal.

*Judgment affirmed. All the Justices concur.*

No. 1150. MAY 16, 1919.

Indictment for murder. Before Judge Kent. Laurens superior court. August 31, 1918.

*R. Earl Camp, Hamilton Burch,* and *S. D. Dell,* for plaintiffs in error.

*Clifford Walker, attorney-general, E. L. Stephens, solicitor-general,* and *M. C. Bennet,* contra.