## 24223. WATSON *v.* THE STATE.

BROYLES, C. J. 1. Where a defendant in a criminal prosecution makes to the jury a statement which, on material issues in the case, is in conflict with the testimony of the witnesses, it is reversible error for the judge, in his charge, to use language which could easily mislead the jury to believe that he meant to instruct them that, while usually they had the right to believe the defendant's statement in preference to the sworn testimony in the case, if there were a conflict, which could not be reconciled, between the testimony of the witnesses and the statement of the defendant, it would be their duty to believe the witnesses. This ruling is not affected by the fact that the judge had previously given a correct charge upon the defendant's statement. See, in this connection, *Delk* v. *State,* 135 *Ga.* 312 (2) (69 S. E. 541, Ann. Cas. 1912A, 105); *Caison* v. *State,* 171 *Ga.* 1 (3) (154 S. E. 337).

2. Under the foregoing ruling and the facts of this case, the following excerpt from the charge of the court was error and requires another hearing of the case: "If upon a consideration of the evidence in this case, you find there is a conflict in the testimony between the witnesses or between a witness and the defendant's statement, it is your duty to reconcile this conflict if you can, without imputing perjury to any witness and without imputing a false statement to the defendant; and if you can not do this, it then becomes your duty to believe that witness or those witnesses you may think best entitled to belief, and you may consider their interest or want of interest in the result of the trial, their bias or prejudice if any appears, the reasonableness or unreasonableness of their testimony, and the personal credibility of the witness so far as the same may legitimately appear from the trial. The jury, as stated, are at last the sole and exclusive judges of the facts and the credibility of the witnesses, and what testimony they will believe or disbelieve."

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur. Guerry, J., dissents.*

DECIDED NOVEMBER 7, 1934.

*O. C. Darsey, M. Price,* for plaintiff in error.

GUERRY, J., dissenting. The charge of the court as a whole

could not have confused the jury as to the weight and credit they should give to the defendant's statement, nor did it instruct the jury that if there was a conflict between a witness or witnesses for the State and the statement of the defendant, they should believe the witnesses to the exclusion of the statement. The sole special ground of the motion for a new trial complains as to the correctness of the charge as set out in the majority opinion. It is insisted that this charge emphasized the weight of the sworn testimony as against the weight of the statement of the defendant, and that it was an instruction to the jury that in the event of a conflict between a witness or witnesses and the defendant's statement, it would be the jury's duty to believe such witness in preference to such statement, and that it precluded the jury from considering the defendant's statement where it conflicted with the testimony of a witness. The court had previously, in another portion of the charge, covered very fairly and fully the law with reference to the defendant's statement. There was a decided conflict between the testimony of witnesses for the State and the defendant's witnesses and his statement, and the subject-matter of the charge excepted to was very pertinent in the case. Only a strained construction, when the charge is taken as a whole, could place upon it the criticism that it charged that the testimony of the witnesses was to be believed in preference to the statement of the accused if a conflict existed between them. No criticism can be made of the charge as to its being an incorrect statement as to the law, the court having in another part of the charge fully instructed the jury as to the law with reference to the weight and credit to be given the defendant's statement. I am of the opinion that the charge of the court, when taken as a whole, was not subject to the criticism urged against it.

The case of *Delk* v. *State,* supra, is clearly distinguishable from the case at bar. The criticism made by the Supreme Court with reference to the charge of the court was the placing in immediate juxtaposition with a charge with reference to the defendant's statement a charge that all witnesses must be believed until impeached; which might create a possible misapprehension in the minds of the jury from telling them in effect in the same breath that they *might* believe the accused, but that they *must* believe the witnesses unless impeached. The judgment case, however, was not reversed upon this ground, and Holden, J., filed a criticism of the obiter dicta

**116**

discussion of the court. The verdict of the jury was amply supported by the evidence, it has the approval of the trial judge and no error of law being shown, this court should not interfere.