## 24782.  PARKER *v.* THE STATE.

Decided May 23, 1935.

*O. C. Darsey,* for plaintiff in error.

*J. P. Dukes, solicitor-general,* contra.

Guerry, J.  Defendant was indicted for murder; the verdict was manslaughter.  He excepts to the judgment overruling his motion for a new trial.

The trial judge charged the jury as follows:  "If, from a consideration of the evidence, you find there is a conflict in the testimony between the witnesses, or between the witness or witnesses and the defendant's statement, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness and without imputing a false statement to the accused.  If you can not do that, then it becomes your duty to believe that witness or those witnesses you think best entitled to believe, and you may consider their interest or want of interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with

the facts they testify about, and also their personal credibility in so far as the same may legitimately appear from the trial of the case. But the jury, as stated, are at last the sole and exclusive judges of what witnesses they will believe or disbelieve, and what testimony they will credit or discredit, and what weight they will give the defendant's statement." This charge is excepted to on the grounds, that (1) it emphasizes the weight of the sworn testimony, as against the statement of the defendant, and that (2) by this charge the jury were instructed that if there was a conflict between the testimony of the witnesses and the defendant's statement, they should believe the testimony of the witnesses.

"The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict." *Thomas* v. *State,* 95 *Ga.* 484 (22 S. E. 315). The real important thing is that the charge be a clear picture, disclosing the rights of the parties on the issues involved therein. *Central of Georgia Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430). There has arisen, therefore, the salutary principle, so aptly expressed by Judge Bleckley, when he said: "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 413). Thus a portion of a charge excepted to as erroneous, misleading or confusing, must be considered with the context in which it was given and the charge as a whole, and if, in doing so, the apparent error disappears, and it is not reasonably likely that the jury could have been misled or confused as to the correct principle, then the isolated part will not be declared reversible error. See, in this connection, *Savannah, Florida & Western Railway Co.* v. *Flannagan,* 82 *Ga.* 579 (9 S. E. 471, 14 Am. St. R. 183) ; *Bloodworth* v. *State,* 161 *Ga.* 332 (131 S. E. 80) ; *Hamilton* v. *State,* 169 *Ga.* 613 (151 S. E. 17) ; *Harrison* v. *Hester,* 160 *Ga.* 865 (129 S. E. 528) ; *Savannah, Thunderbolt & Isle of Hope Ry.* v. *Grogan,* 117 *Ga.* 461 (43 S. E. 701) ; *Mousseau* v. *Dorsett,* 80 *Ga.* 566 (5 S. E. 780) ; *Central of Ga. Ry. Co.*

v. *Leonard,* 49 *Ga. App.* 689 (176 S. E. 137) ; *Thomas* v. *State,* 18 *Ga. App.* 21 (88 S. E. 718) ; *Partee* v. *State,* 19 *Ga. App.* 752 (92 S. E. 306) ; *Weldon* v. *State,* 21 *Ga. App.* 330 (94 S. E. 326) ; *Mosley* v. *State,* 11 *Ga. App.* 1 (74 S. E. 569) ; *Harris* v. *State,* 2 *Ga. App.* 406 (58 S. E. 669) ; *Crawford* v. *State,* 4 *Ga. App.* 789 (62 S. E. 501) ; *Franke* v. *Berkner,* 67 *Ga.* 264. For further cases, see 1 Stevens' Index Dig. Ga. R. 400, 406, 416; 7 Enc. Dig. Ga. R., Cum. Supp. 500-03. This rule is not in conflict with the principle that a charge embodying an erroneous principle which has a tendency to injure the losing party is not cured by a subsequent instruction embodying a correct statement of the law, when attention is not called to the previous instruction. This principle is based on the fact that "the jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Morrison* v. *Dickey,* 119 *Ga.* 698 (46 S. E. 863) ; *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239) ; *Bennett* v. *Atlantic Coast Line R. Co.,* 126 *Ga.* 411 (55 S. E. 177). But if an erroneous charge, when placed with other parts, presents a clear picture, rather than a distorted and conflicting one, and there is no reasonable ground to believe that the jury was misled or confused as to the correct principle, this court will not hold the instruction reversible error. If there are directly conflicting principles given, then, under the rule above cited, it can not possibly be said to be correct as a whole, and therefore the court will grant a new trial.

The charge excepted to in this case is only erroneous if it is given a construction that we feel no intelligent jury would have given to it. It is inapt and certainly is not approved. However, the trial judge did not expressly instruct the jury that in case there was a conflict in the testimony of the "witness or witnesses," or "witness or witnesses and defendant's statement," they should then disregard the statement of the accused. And when taken in connection with the charge of the court given immediately before the charge complained of, that "the defendant is allowed to make to the court and jury such statement as she sees fit. This statement is not under oath, and the defendant is not subject to cross-

examination. You may give this statement such weight and credit only as you think it is entitled to receive. You may believe it in preference to the sworn testimony in the case, if you see fit to do that," we do not think there was any confusion in the charge, and we think that the jury were sufficiently and clearly instructed that they could believe the statement of the defendant in preference to the sworn testimony in the case, under all circumstances.

Nothing ruled in *Delk* v. *State,* 135 *Ga.* 312 (69 S. E. 541, Ann. Cas. 1912 A, 105), is contrary to the ruling we make here. The trial judge there charged the jury correctly with reference to the weight and credit they could give the statement of the defendant, but charged in immediate connection therewith that they had "no right to captiously set aside and disregard a witness's testimony. It is their duty to believe a witness, unless that witness has been impeached, or his testimony set aside by some method known to the law." The Supreme Court merely held that the juxtaposition of these parts of the charge was "not desirable." This was certainly obiter dicta. The Supreme Court in the recent case of *Smith* v. *State,* 179 *Ga.* 791 (177 S. E. 711), ruled on the identical point here considered. The headnote in that case is as follows: "The court charged the jury as follows: 'Now, if upon consideration of the evidence in the case you find there is conflict in the witness or the witnesses and the defendant's statement, it is your duty to reconcile this conflict, if you can, without imputing perjury to any witness, and without imputing a false statement to the defendant, if you can do so. If you can not do that, it then becomes your duty to believe that witness, or those witnesses, you think most entitled to believe in this case.' This charge is not approved as being entirely apt and proper; but when considered with the whole charge, it does not constitute such error as to require a new trial." Upon referring to the record in that case, on file in the clerk's office, it will be found that the only other instruction in the charge touching this feature of the case was that given in the case at bar with reference to the right of the defendant to make a statement in his behalf and the weight to be given thereto. Furthermore, the trial judge, immediately in connection with the charge complained of in the case sub judice, charged "But the jury, as stated, are at last the sole and exclusive judges of what witnesses they will believe or disbelieve, and what

testimony they will credit or discredit, and what weight they will give to the defendant's statement." If the ruling in *Watson* v. *State*, 50 *Ga. App.* 114 (176 S. E. 899), conflicts with *Smith* v. *State*, supra, decided by the Supreme Court, it must yield to the ruling in that case as binding authority upon this court.

■ The evidence amply supports the verdict. There is no merit in the remaining assignments of error. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*