### 24810. DRIGGERS *v.* THE STATE.

BROYLES, C. J. 1. Where three persons are jointly indicted for a felony and on the trial of one of them a prima facie case of conspiracy among them is shown, either by direct or circumstantial evidence, testimony as to declarations of either or both of the other indicted persons, not on trial, made during the pendency of the criminal project and connected therewith, is admissible against the defendant on trial. *Coleman* v. *State*, 141 *Ga.* 731 (82 S. E. 228). And while it is error to admit such declarations before the fact of conspiracy is proved, the error becomes harmless where subsequently during the trial the conspiracy is clearly established by the direct and circumstantial evidence adduced. *Barrow* v. *State*, 121 *Ga.* 187 (2) (48 S. E. 950). Under the foregoing rulings and the facts of the instant case, special ground 1 of the motion for a new trial is without merit.

2. "There being nothing in the evidence or in the defendant's statement to dispute the fact that the alleged crime was committed, and his defense resting solely upon the contention that he did not participate in the offense, the court, in charging the jury, did not violate the provisions of the Code (Penal Code [1910], § 1058; Civil Code, § 4863) in assuming that a crime had been committed." *Callahan* v. *State*, 14 *Ga. App.*

442 (2) (81 S. E. 380); *Pruitt* v. *State*, 36 *Ga. App.* 736 (138 S. E. 251); *Farmer* v. *State*, 49 *Ga. App.* 323 (175 S. E. 401). Moreover, in passing upon the question "whether a particular part of a charge, excepted to as expressing an opinion on the facts, is fairly liable to such exception, the whole charge, written and in the record, may be considered." *Nutzel* v. *State*, 60 *Ga.* 264 (2); *Jones* v. *State*, 37 *Ga. App.* 632 (141 S. E. ·216). Applying the principle of the foregoing ruling to the facts of the instant case, the excerpt from the charge complained of in special ground 2 of the motion for a new trial is not "fairly liable" to the exception that it contained an expression of the judge's opinion on the facts of the case.

3. Exception is taken to the following excerpt from the charge of the court: "If, upon a consideration of the evidence in this case, you find there is a conflict in the testimony between the witnesses or between the witness or witnesses and the defendant's statement, it is your duty to reconcile that conflict if you can, without imputing perjury to any witness and without imputing a false statement to the accused. If you can not do that, it then becomes your duty to believe that witness or witnesses you think best entitled to belief." The excerpt, though inapt and not approved by the Supreme Court or by this court, does not, when considered in the light of the entire charge, require a reversal of the judgment. *Smith* v. *State*, 179 *Ga.* 791 (2) (177 S. E. 711); *Parker* v. *State*, 51 *Ga. App.* 295 (180 S. E. 390). Any contrary ruling in *Watson* v. *State*, 50 *Ga. App.* 114 (176 S. E. 899), must yield to the decision of the Supreme Court in *Smith* v. *State*, supra.

4. Complaint is made of the following excerpt from the charge: "This statement [of the defendant] is not under oath, and the defendant is not subject to cross-examination." Under repeated decisions of this court, this fragment from the charge was not reversible error, the judge having otherwise correctly instructed the jury upon the weight to be given the defendant's statement.

5. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 13, 1935.

*C. L. Cowart*, for plaintiff in error.
*J. P. Dukes, solicitor-general,* contra.