24843.   KNOWLES *v.* THE STATE.

BROYLES, C. J.   1. Error is assigned upon the following excerpt from the charge of the court: "If, upon a consideration of the evidence, you find a conflict in the testimony between witnesses, or a conflict between the witness or witnesses and the defendant's statement, it becomes your

duty to reconcile this conflict, if you can, without imputing perjury to any witness and without imputing a false statement to the accused. If you can not do that, it becomes your duty to believe the witness or witnesses you think best entitled to belief, and you may consider their interest or want of interest in the result of the case, their bias or prejudice, if any appears, the reasonableness or unreasonableness of the statements they make, their familiarity with the facts they testify about, and their personal credibility, so far as the same may legitimately appear on the trial of the case. But the jury, as stated, are at last the sole judges as to what witnesses they will believe, or disbelieve, and what testimony they will credit or discredit, and what credit they will give the defendant's statement." The excerpt, though inapt and not approved by the Supreme Court or this court, when considered in the light of the entire charge does not require a reversal of the judgment. *Smith* v. *State*, 179 *Ga.* 791 (2) (177 S. E. 711); *Parker* v. *State*, 51 *Ga. App.* 295 (180 S. E. 390). Any contrary ruling in *Watson* v. *State*, 50 *Ga. App.* 114 (176 S. E. 899) must yield to the decision of the Supreme Court in *Smith* v. *State*, supra.

2. Conceding that the evidence complained of in special ground 2 of the motion for a new trial was hearsay and inadmissible, it does not appear from the *facts* stated in the ground that the admission of the evidence was prejudicial to the defendant's cause. The allegations in the ground that it was so prejudicial are mere unsupported conclusions of the movant.

3. Special ground 3 of the motion for a new trial is not complete and understandable within itself. It complains that the court refused to allow a witness to answer the following question: "If sheriff Chapman went immediately after this happened and got the measurements, you would say they were correct?" But the ground fails to disclose what "happened," or what "measurements" the sheriff got. In the state of the record the ground is too incomplete to show harmful error.

4. Special ground 4 of the motion for a new trial, not having been unqualifiedly approved by the trial judge, can not be considered.

5. The remaining special ground assigns error on the court's refusal to permit a witness to answer the following question: "Suppose, as an experienced man with pistols, suppose a man was sitting on a stump two feet high, a man the size of defendant, and Willie Chestnutt was standing in front of him, six, eight, or ten feet, and a pistol ball fired into him, you think it possible for a . . " The purported question is no question at all, but a mere fragment of one, an incompleted question, and the ground raises no point for the consideration of this court.

6. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided June 13, 1935.

O. C. *Darsey*, for plaintiff in error.

J. P. *Dukes*, solicitor-general, M. *Price*, contra.