## 25305. WAGONER *v.* THE STATE.

Decided December 20, 1935.

*A. W. Vandiviere, J. G. Collins,* for plaintiff in error.
*Robert McMillan, solicitor-general,* contra.

Broyles, C. J. 1. Exception is taken to the following excerpt from the charge: "If upon consideration of the evidence in this case you find there is a conflict in the testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, if any, it is your duty to reconcile that conflict, if you can, without imputing perjury to any witness, and without imputing a false statement to the defendant. If you can not do that, it then becomes your duty to believe that witness or those witnesses you think best entitled to belief." Immediately preceding this excerpt the court gave the proper charge upon the weight to be given the defendant's statement, and therein instructed the

jury that they could "believe it in preference to the sworn testimony in the case." After giving the instruction complained of, the court charged as follows: "But the jury are at last the sole and exclusive judges of what witnesses they will believe or disbelieve, and what weight or force they will give to the statement of the defendant." The excerpt complained of, when considered in connection with the other quoted excerpts from the charge, does not require a reversal of the judgment. *Sims* v. *State,* 177 *Ga.* 266 (5) (170 S. E. 58); *Smith* v. *State,* 179 *Ga.* 791 (2) (177 S. E. 711); *Parker* v. *State,* 51 *Ga. App.* 295 (180 S. E. 390); *Driggers* v. *State,* 51 *Ga. App.* 370 (180 S. E. 619).

2. Complaint is made of the following excerpt from the charge: "It is the duty of the jury to take any evidence of general good character along with all the other facts and circumstances in the case; and, if in doing so, the jury should entertain a reasonable doubt as to the guilt of the defendant, they should acquit. Nevertheless, if the jury should believe the defendant guilty beyond a reasonable doubt, it would be their duty to convict, notwithstanding evidence as to good character." Immediately preceding this excerpt, the following statement appears in the charge: "Good character is a positive substantive fact, and may of itself be sufficient to generate in the minds of the jury a reasonable doubt as to the guilt of the defendant." The excerpt excepted to, when considered in the light of the entire charge, was not error. *Brazil* v. *State,* 117 *Ga.* 37, 38 (43 S. E. 460); *Hill* v. *State,* 18 *Ga. App.* 259 (89 S. E. 351), and cit.; *Thomas* v. *State,* 25 *Ga. App.* 558 (2) (103 S. E. 859).

3. The two excerpts on the subject of conspiracy (complained of in the motion for new trial) were authorized by the evidence direct and circumstantial, and were not error for any reason assigned.

4. Ground 6 of the motion for new trial, when considered in the light of the note of the trial judge approving the ground, is without merit.

5. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*