### 25315. AVAKIAN *v.* THE STATE.

MacINTYRE, J. 1. The court charged the jury as follows: "If, upon consideration of the evidence in the case, you find there is a conflict in the testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, if any, it is your duty to reconcile such conflict if you can do so, without imputing perjury to any witness, and without imputing a false statement to the defendant. If you can not do that, it then becomes your duty to believe that witness or those witnesses whom you think most entitled to belief." This charge is not approved as being entirely apt and proper; but when considered with the whole charge, we are constrained to hold, under the decision of the Supreme Court in *Smith* v. *State,* 179 *Ga.* 791 (177 S. E. 711), that it does not constitute such error as to require a new trial. See, in this connection, *Parker* v. *State,* 51 *Ga. App.* 295 (180 S. E. 390); and *Watson* v. *State,* 50 *Ga. App.* 114 (176 S. E. 899).

2. "The judge has the right to propound a question or a series of questions to any witness, for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. *Gillis* v. *Bowman,* 132 *Ga.* 762 (64 S. E. 1096); *Williams* v. *State,* 147 *Ga.* 440 (94 S. E. 553); *Marcus* v. *State,* 149 *Ga.* 209 (99 S. E. 614). In doing so the judge should be careful not to exercise this right in such a manner as to intimate or express an opinion upon what has or has not been proved, or as to the guilt of the accused. *Harris* v. *State,* 61 *Ga.* 359; *Grant* v. *State,* 122 *Ga.* 740, 743 (50 S. E. 946)." *Johnson* v. *State,* 169 *Ga.* 814, 822 (152 S. E. 76). The examination of the witnesses by the court did not take such course as to become argumentative in its character; nor did the judge express or intimate an opinion as to what had or had not been proved, or as to the guilt of the accused; nor did the judge ask the

questions of the witnesses in such a way as to tend to discredit the witnesses. For these reasons the questions propounded by the court furnish no cause for reversing the judgment.

3. The general grounds of the motion for a new trial, not having been argued or insisted upon in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED APRIL 24, 1936.

*G. W. Langford,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.