## 26818. CROKER *v.* THE STATE.

896

Decided May 4, 1938.

*C. B. McGarity, John H. Hudson, P. T. McCutchen Jr.,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

MacIntyre, J. The defendant was convicted of involuntary manslaughter in the commission of a lawful act in an unlawful manner, and excepted to the overruling of his motion for new trial.

■ With reference to special ground 1 there was, as applied to the facts in the instant case, no merit in the exception to the instruction on the subject of impeachment of witnesses. The excerpt read in connection with its context is almost in the identical language approved by this court in *Martin* v. *State,* 42 *Ga. App.* 591, 592 (157 S. E. 113). Some confusion has arisen in the application of the doctrine of impeachment of witnesses by the incautious use of the term "impeachment," and treating that term as synonymous with an attack upon the credibility of a witness by way of impeachment. *Powell* v. *State,* 101 *Ga.* 9, 21 (29 S. E.

309). If the *Powell* decision is read, the distinction between the instant case and the case of *Holton* v. *State,* 137 *Ga.* 86 (72 S. E. 949), can readily be seen.

■ Special ground 2. The court charged the law on the defendant's statement and then the law of reasonable doubt, and then, in the subsequent part of its charge and not in immediate connection with the charge on the defendant's statement, said: "In this connection the court instructs you that a witness may be impeached [stating some of the ways in which a witness might be impeached]. . . After all, gentlemen, it is a question for the jury to determine whether a witness has been impeached, and to determine the credibility of such witness and the weight that his testimony shall receive at the hand of the jury. You are the exclusive judges of the credibility of the witness, just as you are the exclusive judges of the credibility of the defendant's statement. You are made the exclusive judges of the weight of the testimony sought to be impeached, and you are the exclusive judges of the witnesses who seek to impeach another witness." The defendant contends that this excerpt of the charge deprived the jury of the right to believe the defendant's statement in preference to all the testimony in the case if they saw fit to do so, and that it deprived the defendant of the right to have the jury believe his statement without any reference to any evidence of any witness impeached or otherwise in preference to all the testimony in the case. It should be noted, we think, that the judge was not at this time charging generally upon the subject of the defendant's statement. He had previously done this but he was here charging on the subject of the impeachment of witnesses. "'It has been repeatedly held by this court that it would be better, in charging on the defendant's statement, to follow the statute and there leave the matter. *Morgan* v. *State,* 119 *Ga.* 566.'" *Dunahoo* v. *State,* 46 *Ga. App.* 310, 312 (167 S. E. 614), and cit. The charge complained of, though not approved of as being apt, does not, we think, constitute reversible error. The excerpt complained of was in no sense contrary to that portion of the charge which gave them the privilege of rejecting the evidence and believing the defendant's statement. It did not circumscribe or limit the right of the jury to give to the "statement of the defendant such weight as they thought right and proper," as had previously been charged (*Jones*

898

v. *State,* 65 *Ga.* 506, 509 (3); *Smith* v. *State,* 179 *Ga.* 791, 794 (3), 177 S. E. 711; *Sims* v. *State,* 177 *Ga.* 266, 276, 170 S. E. 58; *Driggers* v. *State,* 51 *Ga. App.* 370, 180 S. E. 619; *Knowles* v. *State,* 51 *Ga. App.* 371, 180 S. E. 617), nor was this charge error in view of the fact that the judge thereafter charged: "The truth of the business is, you should consider the testimony of each and every witness and give each and every witness due consideration, regardless of who he is, whether he is black or white, rich or poor, wise or unwise, except so far as his mental condition illustrates the probability or improbability of his knowing what he is talking about. You should give weight to the testimony fearlessly and impartially, without any prejudice or bias and without any partiality as to race, color or social standing. When you have done that and satisfied your conscience, it is nobody's business but yours." *Cooley* v. *State,* 22 *Ga. App.* 263 (95 S. E. 871); *Brooks* v. *State,* 19 *Ga. App.* 45 (90 S. E. 971).

■ Special ground 3 complains of an excerpt of the charge, to wit: "But where one is operating his truck over forty miles per hour and it is shown, the law presumes that one intends to do what he did do; the law implies intention when the act is shown." The defendant contends that this part of the charge was an expression of an opinion that the defendant had been proved to be operating the truck over forty miles per hour. It seems to us that the judge, having previously stated in his charge that to run the truck over forty miles per hour was a violation of the automobile statute of this State, was here, in the excerpt complained of, stating hypothetically that if any one operated a truck at a speed greater than forty miles per hour (not that the defendant had actually so operated his truck), and it is shown, the jury would be authorized to find certain facts. We do not think that the judge so charged as to intimate his opinion that the accused was guilty of violating the statute by exceeding the speed limit of forty miles per hour. *American Surety Co.* v. *Smith,* 55 *Ga. App.* 633, 639 (191 S. E. 137).

■ Special ground 4. The court charged: "Involuntary manslaughter shall consist of the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner. Provided, that where such killing shall

happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder. The last clause that I read to you, after the word 'provided,' is not applicable, except that I have illustrated to you the entire section. The part of the section that I call your attention to is as follows: Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner. The punishment for involuntary manslaughter in the commission of an unlawful act shall be confinement and labor in the penitentiary for not less than one nor longer than three years. Involuntary manslaughter in the commission or performance of a lawful act, where there has not been observed necessary discretion and caution, shall be punished as for a misdemeanor. . . I charge you further that a person under our law shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears that there was no evil design or intention, or culpable neglect, I charge you that if such a collision between the truck of the defendant and the automobile of the deceased occurred, but you find from the evidence that such collision was not caused by any evil design or intention or culpable neglect on the part of the defendant, then such collision would be attributable to misfortune or accident, and the defendant, Quentin Croker, would be entitled to be acquitted," and then, after charging involuntary manslaughter in the commission of unlawful acts, which acts were alleged to be violations of the statute regulating automobiles, the court charged: ["There is another rule of law that I desire to call your attention to. If you find that although the defendant failed to do any unlawful act on this occasion, that everything he did was lawful, if he violated no law of the State, but if you find that the death of the deceased was brought about in the commission or performance of a lawful act by the defendant wherein the defendant did not observe necessary discretion and caution, then you would find him guilty under that section of the Code, which is a misdemeanor."] (Brackets ours.) The part of the charge last

quoted, enclosed in brackets, is excepted to by the defendant and he contends that involuntary manslaughter in the killing of a human being without any intention to do so, but in the commission of a lawful act which might possibly produce such consequence in an unlawful manner, there must be an unlawful manner in the commission or performance of an unlawful act, and the unlawfulness of the act must amount to culpable neglect, which is criminal neglect, before any crime or misdemeanor can be committed. (In this we think he is correct). The defendant further contends that "the court entirely omitted from its charge any reference, or any explanation, or any definition of any unlawful manner of performance of a lawful act and therefore committed error." The court had charged, in the very language of the Code, §§ 26-1006, 26-1009, 26-1010, all thereof that was pertinent in defining or covering this grade of homicide, and in addition thereto charged: "Of course I charge you further that a person under our law shall not be found guilty of any crime or misdemeanor committed by misfortune or accident and where it satisfactorily appears that there was no evil design or intention or culpable neglect," and then, in substance, charged Code, § 26-404, which defines misfortune and accident. The charge in effect said to the jury that before you can convict the defendant of involuntary manslaughter in the commission of a "lawful act, which probably might produce such a consequence [the killing], in an unlawful manner" (Code, § 26-1009), you must find that the defendant brought about the death in the commission or performance of a lawful act wherein he did not observe the "necessary discretion and caution" (Code, §§ 26-1010, 26-1006), and it is further necessary, in order for you to convict the defendant, that the "lack of necessary discretion and caution," referred to in the Code section (carelessness), must amount to criminal negligence (which is greater negligence than slight or ordinary negligence). *Cain* v. *State,* 55 *Ga. App.* 376 (190 S. E. 371). It should also be noted that the court charged, in effect, the Code section on misfortune and accident, and then charged when the defendant would be justified in turning to the left of the road in order to avoid a collision where the defendant did not unlawfully bring about the necessity for so doing. (The defendant claims that in the emergency he was authorized to so do on the occasion in question.) If a fuller charge was desired, it

should have been requested by a timely written request as required by law. There being no request for any other charge rather than the one given this ground is not meritorious. *Moss* v. *State,* 43 *Ga. App.* 109, 113 (5) (158 S. E. 461).

■ Taking that view of the evidence which is most unfavorable to the accused, which this court must do in passing upon a motion for new trial, for every presumption and inference is in favor of the verdict (*Bell* v. *State,* 21 *Ga. App.* 788, 95 S. E. 270), we can not say that the jury were not authorized to return a verdict of involuntary manslaughter in the commission of a lawful act where there had not been observed necessary discretion and caution.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*