### 28700.   CORBIN *v.* THE STATE.

DECIDED JANUARY 23, 1941.

*Grady Gillon,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

MacINTYRE, J.   1.   The Code, § 38-111, provides : "The existence of a fact testified to by one positive witness is to be believed, rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having existed. This rule shall not apply when, two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not." The defendant contends that to charge this section of the Code without qualification was erroneous, improper, and prejudicial, and deprived him of the benefit of the qualification of said rule. It is true that this court has held: "The rule announced in the Penal Code, § 985 [Code, § 38-111], declaring the distinction ordinarily existing between the weight to be given to positive testimony and that to be given to negative testimony, while ofttimes useful to the jury as tending to facilitate the reconciliation of apparent conflicts in the evidence, is so inaptly stated in the Code section referred to that

to instruct the jury in the language there given is ordinarily error," (*Phillips* v. *State,* 1 *Ga. App.* 687, 57 S. E. 1079), unless the judge should also instruct the jury that in weighing the testimony of the witnesses the jury should pass upon their credibility. *Georgia Railway & Electric Co.* v. *Wheeler,* 141 *Ga.* 363 (2) (80 S. E. 993) ; *Moore* v. *State,* 57 *Ga. App.* 287 (195 S. E. 320). However, in the instant case, the judge, with reference to this ground of the motion for new trial, certified: "The recital of facts contained therein is approved as true and correct; the court certifies, as to the first ground of the said amended motion, that Mr. E. C. Harring, counsel for the defendant, in the oral argument before the jury read the Code section in question as given in charge, called the court's attention thereto, and expressed the hope that the court would incorporate the same into the court's charge, which the court construed to be an oral request to charge the said Code section." It thus appears that the defendant's counsel made a verbal request to charge, and the judge did so in the exact language of the defendant's request, which was exactly in the language of the Code, § 38-111, and the defendant can not now complain. *Fulford* v. *State,* 149 *Ga.* 162 (99 S. E. 303) ; *Howard* v. *State,* 115 *Ga.* 244 (4) (41 S. E. 654) ; *Cochran* v. *State,* 113 *Ga.* 736 (6), 740 (39 S. E. 337).

The defendant contends that if the judge is charging a principle of law, whether by request or not, he must charge the principle correctly, and cites *Georgia Railway & Power Co.* v. *Pounds,* 20 *Ga. App.* 201 (92 S. E. 1026) and other similar cases as controlling. Those cases are differentiated from the instant case for in them the parties had agreed that a certain principle of law was involved and it was left to the judge to charge in no certain language the principle which the parties had agreed was involved, and it was held that the judge in so charging must do so correctly. However, in the instant case, the defendant submitted an oral request to charge on a material issue and the judge charged the jury verbatim et literatim in the language of the oral request, and the defendant can not complain that the principle embraced in the oral request should have been elaborated upon by the court or that the request to charge was incomplete. We do not think the ground discloses reversible error. We are confirmed in this view when we note the record disclosed, as stated in plaintiff in error's brief, that "appel-

lant introduced witnesses Ruby Jackson, Nellie Corbin, Myrtie Mae Batemen, Lonnie Mae Jackson, all negroes, and Frank Hallman and Lowell Sanders, white, all of whom testified to the effect that they saw appellant at the market house [a place some distance from the scene of the burglary] at the time the burglary was supposed to have been committed. [This being positive evidence for the defendant.] The State offered witnesses Sammy Morris, colored, and J. C. Hollomon, white, who testified they went through the market and did not see appellant there. [This being negative testimony for the State.] Some of appellant's witnesses also testified they were at the market house and did not see Sammy Morris and J. C. Hollomon come through the market house where appellant was claimed to have been working." Thus the testimony which the defendant wanted compared contained negative evidence on the part of the State and positive evidence on the part of the defendant, and when the court, at the verbal request of the defendant, charged without qualification that positive testimony should outweigh negative testimony, it was more in favor of the defendant than the State.

2. The judge charged the jury in part as follows: ["Witnesses appear and testify, and they are presumed to speak the truth and are to be believed by the jury unless the witnesses are impeached in some manner provided by law or otherwise discredited in your judgment.] (If there are conflicts in the testimony of the witnesses sworn and the defendant's statement or between the witnesses sworn, it is your duty to reconcile these conflicts if you can, so as to impute perjury to no witness sworn in the case, but if you find there are certain conflicts which you can not reconcile you should give credit to that witness or those witnesses or the defendant, whomever you think most entitled to belief.)" (Brackets and parenthesis ours.) The defendant excepted to this excerpt from the charge on the ground that it was misleading to the jury, and confused them as to their rights and duties in the consideration of the testimony and the defendant's statement. The portion of the excerpt inclosed in brackets is taken from *Gibson* v. *State*, 42 *Ga. App.* 285 (2) (155 S. E. 922), and is not erroneous for any reason assigned. The portion inclosed in parenthesis, under circumstances similar to those in the instant case, has been held inapt but not requiring a new trial. *Smith* v. *State*, 179 *Ga.* 791 (2) (177 S. E.

711) ; *Parker* v. *State,* 51 *Ga. App.* 295 (180 S. E. 390) ; *Driggers* v. *State,* 51 *Ga. App.* 370 (3) (180 S. E. 619) ; *Knowles* v. *State,* 51 *Ga. App.* 371 (180 S. E. 617) ; *Wagoner* v. *State,* 52 *Ga. App.* 305 (183 S. E. 110) ; *Campbell* v. *State,* 53 *Ga. App.* 380 (2) (186 S. E. 137) ; *Croker* v. *State,* 57 *Ga. App.* 895 (2) (197 S. E. 92).

3. The evidence authorized the verdict finding the defendant guilty of burglary.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*