64755. WALKER v. THE STATE.

CARLEY, Judge.

Appellant was indicted for burglary and convicted of criminal trespass. The sole enumeration of error is that the trial court erred in its charge on good character. Appellant concedes that, as given, the first part of the trial court's charge on good character was correct, but contends that the last part of the charge was misleading. Appellant also contends that his own requests to charge on good character should have been given.

The court instructed the jury: "Now, ladies and gentlemen, the defendant has a right for you to consider any evidence of his good character, and it's your duty to consider that evidence along with all other evidence in the case. I charge you that good character, like any other fact tending to establish a defendant's innocence, is a substantive fact. Evidence of good character may be in itself sufficient to create a reasonable doubt as to the guilt of the accused, where otherwise a reasonable doubt would not arise. Evidence of good character is not admitted as a mere makeweight, but as evidence of a positive fact and may of itself, as I said, by the creation of a reasonable doubt produce an acquittal.

"I charge you further that if the evidence shows to you a defendant's guilt beyond a reasonable doubt, then the fact that the defendant might have borne a good character would not authorize you to acquit him of the charge for which he is on trial. Good character is not a license for committing crime. Proof of good character, if any had been proven, may, however, generate a doubt as to the defendant's guilt; and when such evidence in the case fails to generate a doubt of guilt, then it will not authorize an acquittal."

A reading of the entire charge discloses that it was fair and

thorough in presenting to the jury the applicable law concerning evidence of good character. *Wagoner v. State,* 52 Ga. App. 305 (2) (183 SE 110) (1935). "[I]f the charge on the subject requested is fully and fairly given, it is not error that the exact language of the [defendant's] request [to charge] is not used." *Sims v. State,* 84 Ga. App. 753, 756 (67 SE2d 254) (1951).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided December 3, 1982.

*John T. Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Chris Jensen, Assistant District Attorneys,* for appellee.